Homer Lee **SHELTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41990.

Court of Criminal Appeals of Texas.

April 30, 1969.

Rehearing Denied June 18, 1969.

James W. Lee, III, Dallas, for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, Kerry P. FitzGerald and James P. Fin-strom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for murder; the punishment, life.

The indictment alleged that Homer Lee Shelton killed Josephine McWright by slapping her with his hand, hitting her with his fist, throwing and dropping her body against a door and against the floor of the house.

Appellant contends that the evidence is insufficient to support the conviction. Jesse Hudspeth testified that he was manager of a rooming house; that he heard heavy thuds and thumping sounds coming from the room in which appellant and the deceased were living. He saw Shelton carrying Josephine McWright and drop her against the door of their room. Melvin Walters testified that he lived near appellant's room; that on the night and morning of August 12 and 13, 1966, he heard thumping sounds coming from appellant's room which sounded like something dropping on the floor and against the wall. He also saw appellant carrying the body of the deceased in a hall toward the door of appellant's room. Ira Lee Dennis testified that she was appellant's aunt; that on August 14, appellant left a bundle of clothes in her garage. He told her that Josephine McWright was dead. She called the police. The record reflects that the bundle contained torn and bloody clothing af appellant and of a woman. The body of the deceased was found in appellant's padlocked room in the rooming house.

Dr. Earl Rose testified that he was a pathologist and the County Medical Examiner; that death was caused by multiple injuries to the body which included some ten broken ribs, a broken nose, and many bruises and lacerations about the head.

## 538

Appellant contends that the evidence does not show that he slapped the deceased. It is not necessary for the State to prove each allegation of the indictment when several means of the killing are alleged. The proof showed that he threw or dropped her against the floor and door which was alleged in the indictment. Proof of one of the means alleged is sufficient. Smith v. State, 171 Tex.Cr.R. 313, 350 S.W. 2d 344; 4 Branch's Ann.P.C.2d, Sec. 2185, p. 530.

It is also contended that the proof did not show that Josephine McWright was alive when the injuries were inflicted. Melvin Walters testified that he saw the deceased alive shortly before he heard the thumping noise coming from appellant's room. Dr. Rose testified that the injuries were received a short time before death.

The evidence is sufficient to support the conviction.

Complaint is made because the trial court overruled a motion for continuance based upon the absence of a witness. The trial was postponed from October 24 to November 14. There is no affidavit from the missing witness to show what his testimony would have been. Such is required to show an abuse of discretion in overruling a motion for continuance. Gauntt v. State, 169 Tex.Cr.R. 520, 335 S.W.2d 616.

No abuse of discretion or error is shown.

In the third ground of error it is contended that the verdict was incomplete, because the verdict at the penalty stage of the trial had a different name signed as foreman from the name signed as foreman on the verdict at the guilt stage of the trial. This was not raised until the appellate brief was filed.

Article 37.07, Vernon's Ann.C.C.P., became effective January 1, 1966. It provides for a two stage or bifurcated trial. Appellant contends that there can be only one foreman because Article 36.26, V.A.C. C.P., provides that each jury shall appoint one of its members foreman, and Article 36.29, V.A.C.C.P., provides that the verdict "* * * must be concurred in by each juror and signed by the foreman," and Article 37.07, Sec. 2(d), V.A.C.C.P., provides that " * * * the verdict shall not be complete until the jury has rendered a verdict both on the guilt or innocence of the defendant and the amount of the punishment * * *."

While our Code does not provide for two foremen, it does provide, as pointed out by appellant, that each juror must concur in the verdict. The power of the foreman is no greater than that of any other juror. 50 C.J.S. Juries § 287, p. 1081.

It is presumed that the verdict was that of each juror. There is no showing to the contrary. Article 37.04, V.A.C.C.P., provides:

"When the jury agrees upon a verdict, it shall be brought into court by the proper officer; and if it states that it has agreed, the verdict shall be read aloud by the clerk. If in proper form and no juror dissents therefrom, and neither party requests a poll of the jury, the verdict shall be entered upon the minutes of the court."

The record does not show a request to poll the jury.

In Bryan v. State, 97 Tex.Cr.R. 79, 260 S.W. 846, it is stated that it is error for a trial judge to appoint the jury foreman, but it would not be reversible error. The selection of another foreman by the jury for the penalty part of the trial does not show harm.

If appellant had called the matter to the trial court's attention, the original foreman could have signed the penalty verdict under Art. 37.10, V.A.C.C.P.

No reversible error is shown; the judgment is affirmed.