**Jerry T. BARRY, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–85–150–CR.**

Court of Appeals of Texas, Corpus Christi.

Oct. 24, 1985.

Rehearing Denied Nov. 7, 1985.

William G. Burnett, Sinton, for appellant.

Tom Bridges, Dist. Atty., Sinton, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

Appellant was convicted of indecency with a child following his guilty plea. A jury assessed punishment and the trial court sentenced appellant to ten years and one day in the Texas Department of Corrections.

Appellant's first three grounds of error challenge the jury verdict and the sentence based on that verdict alleging that it was fatally defective because it assessed punishment at "10 + 1 DAY years".

The verdict form furnished the jury contained the following provision:

### I.

We, the jury, find the Defendant guilty as charged in the indictment and assess punishment of the Defendant at _____ years confinement in the Texas Department of Corrections.

The jury filled in the blank with "10 + 1 DAY." The court entered judgment on the verdict assessing appellant's punishment at ten years and one day. Neither attorney, when asked by the court, expressed a desire to examine the verdict. The defense attorney never objected to the form, clarity or meaning of the verdict. Appellant challenges the verdict and sentence for the first time on appeal, contending that the jury's verdict was void, that it assessed a punishment outside the permissible range, and that the punishment assessed was neither definite nor certain.

At the punishment hearing, the defense attorney argued for a probated sentence based on rehabilitative potential. The State asked the jury to assess the defendant's punishment at ten years and one day confinement in the Texas Department of Corrections. The trial court instructed the jury that appellant's crime carried a potential punishment of not more than 20 years nor less than 2 years and a possible fine not to exceed $10,000.00. *See* TEX.PENAL CODE ANN. § 21.11 and § 12.33 (Vernon 1974 and Supp.1985).

The jury is required to take the law from the court and is bound to assess punishment only within the range provided by law for the offense under consideration. We must presume that the jury followed the court's instructions. *Ainsworth v.*

*State,* 517 S.W.2d 274, 276 (Tex.Crim.App. 1975).

■ A jury verdict should be upheld if the intention of the jury can be reasonably ascertained. *Ainsworth,* 517 S.W.2d at 277; *Brinson v. State,* 570 S.W.2d 937, 939 (Tex.Crim.App.1978); *Rodgers v. State,* 649 S.W.2d 371 (Tex.App.—Austin 1983, no pet.).

In *Ainsworth,* the verdict "of 30 _____" was interpreted as 30 years since the range of punishment in the rape statute precluded a term of 30 days, 30 weeks, or 30 months confinement.

In *Hereford v. State,* 380 S.W.2d 120 (Tex.Crim.App.1964), the potential punishment was two years to life. A verdict for a "period of ten (10)" was returned. Since 10 days, 10 weeks and 10 months were not authorized by statute, the court held that the verdict clearly meant 10 years.

In *Slaughter v. State,* 170 Tex.Cr. 16, 336 S.W.2d 944 (1960), the range of punishment was also two years to life. The court held that the verdict "for five (5)" could only have meant five years since 5 days, 5 weeks or 5 months were not authorized by statute.

In the instant case, "10 + 1 DAY years" cannot, as appellant contends, mean a punishment of eleven days since that is not authorized by statute. Neither could this possibly be interpreted to mean 10 weeks plus one day nor 10 months plus one day since these sentences are also precluded by the statutory range of punishment.

■ The jury's verdict had a clear and reasonable interpretation. We hold that the trial court properly and reasonably ascertained from the words used that the jury intended to assess punishment at ten years and one day confinement in the Texas Department of Corrections. Appellant's first three grounds of error are overruled.

Appellant's final ground of error contends that a mistrial should have been granted because the prosecution misstated the law to the jury in final argument.

The statement complained of by appellant is as follows:

MR. COLLINA: .... Ladies and gentlemen, I don't want to sound like a mean person. The prosecutor's job is hard. It's not easy to ask people to punish him but we have a duty. You have a duty and I have a duty to prevent crime in the State of Texas, and that is what we are here—

MR. GONZALEZ: That is all out of the scope of a jury's consideration. They don't have the duty of preventing crime and imposing in—

MR. COLLINA: I'll rephrase that.

THE COURT: Overruled.

MR. GONZALEZ: I'll ask the Court to ask the jury to disregard that.

THE COURT: Overruled.

MR. GONZALEZ: I'll ask for a mistrial.

THE COURT: Overruled.

■ A prosecutor may make an argument or a plea for strong law enforcement. He may argue to the jury that one of the objects of punishment is to suppress crime. *Haynes v. State,* 627 S.W.2d 710 (Tex.Crim. App.1982); *Guerra v. State,* 657 S.W.2d 511 (Tex.App.—Corpus Christi 1983, pet. ref'd.).

The Court of Criminal Appeals has held that it is proper for a prosecutor to argue to the jury that one of the objects of punishment is to suppress crime. *Bowman v. State,* 446 S.W.2d 320 (Tex.Crim.App.1969); *Owens v. State,* 168 Tex.Cr. 8, 323 S.W.2d 260 (1959).

In *Haynes v. State,* 627 S.W.2d 710 (Tex. Crim.App.1982), the following argument was held to be a permissible plea for law enforcement: the prosecutor argued that people always ask why "they" don't do something about violent crime and then blame it on the courts and the prosecutors, then stated:

but it is people like you who sit in the jury box that set these sentences.... That burden of prosecuting is off of my shoulders. The burden is one on you now, but I would like you to understand that you are now in the position of "they," those people who have something to do with the criminal justice system in

this country. And we would like for you to be able to leave the courtroom today when you have set your sentence, knowing that "they" have done something about it. *Haynes* at 714.

In *Williams v. State*, 575 S.W.2d 30 (Tex.Crim.App.1979), this crime deterrent argument was held proper: "[T]he law says thirdly that the sentence you set out to act as a deterrent to crime ... you've got a million people in the county that are relying on you ... to protect them...."

In *Felton v. State*, 659 S.W.2d 482 (Tex. App.—Dallas 1983, pet. ref'd.), the prosecutor argued that the only proper sentence was life and if a family ever had to come into the courtroom again at defendant's hands, then at least the jurors would be able to say "when we had the opportunity, and we had the responsibility, we did all we could." *See also Rogers v. State*, 653 S.W.2d 122 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd.).

In the instant case, the prosecutor's argument was that both the jury and the prosecutor had a duty to prevent crime. This was a proper plea for law enforcement; the trial court properly overruled the defense objection to that argument. Appellant's fourth and final ground of error is overruled.

The judgment of the trial court is AFFIRMED.