**James RENNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–87–357–CR.**

Court of Appeals of Texas,
Corpus Christi.

Sept. 15, 1988.

Discretionary Review Refused
Dec. 21, 1988.

Richard W. Rogers, III, Corpus Christi, for appellant.

Grant Jones, Deanie M. King, Dist. Attorney's Office, Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY, and KENNEDY, JJ.

OPINION

DORSEY, Justice.

A jury found appellant, James Renner, guilty of aggravated sexual assault of a child and assessed punishment at life imprisonment. Appellant presents three points of error on appeal. We set aside the judgment and remand the cause to the trial court.

The evidence adduced at trial may be summarized as follows: On September 11, 1986, the twelve-year-old victim was asleep in a bedroom of a trailer home where she, her sister, and her mother lived. At approximately 4:30 a.m., the victim awakened to find appellant in her bed touching her back and arm. When she screamed, appellant covered her mouth with his hand and

told her "not to worry." Appellant kissed the victim on the mouth; she struggled; appellant raised his fist and told her he would hurt her if she did not do as he said.

The victim testified that appellant began touching her vagina with his hand and penis; he also penetrated her with his finger and attempted to penetrate her with his penis. Appellant then left the room for a few seconds. When he returned, the victim ran out of the room to another bedroom, where her sister and her mother, who is deaf, were sleeping. Appellant picked up a rake in the hallway and chased after the victim. He began beating the mother and two girls with the rake and with his fists; at one point, appellant struck the victim in the head, causing her to lose consciousness for several seconds. Appellant then led the victim, mother, and sister into a bathroom where he told them he was sorry for beating them. Before leaving, he said he would kill the victim and her family if they called the police.

■ By his third point of error, appellant contends that the verdicts on both guilt and punishment are invalid because they were rendered by less than twelve jurors and yet were not signed by each of them as required by Tex.Code Crim.Proc.Ann. art. 36.29(a) (Vernon Supp.1988).

After the jury was empanelled and before the commencement of trial, one of the jurors became disabled and was excused. The trial continued with eleven jurors. Both the guilt and punishment verdict forms were signed by the presiding juror, Harry Dean Davis; however, the forms were not signed by the other ten jurors. Although his counsel made no objection at trial, appellant now contends that the absence of the remaining jurors' signatures constitutes reversible error under article 36.29(a).

Article 36.29(a) provides:

Not less than twelve jurors can render and return a verdict in a felony case. It must be concurred in by each juror and signed by the foreman. Except as provided in Subsection (b) of this section, however, when pending the trial of any felony case, one juror may die or be disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict; but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it.

In *Shelton v. State*, 441 S.W.2d 536 (Tex. Crim.App.1969), the appellant claimed for the first time on appeal that the verdict on punishment was invalid because it failed to meet the requirement of article 36.29(a) that it be "concurred in by each juror and signed by the foreman." More specifically, appellant pointed out that the punishment verdict had a different name signed as foreman from the name signed as foreman on the guilt verdict.

The Court of Criminal Appeals stated that if the appellant had called the matter to the trial court's attention, the original foreman could have cured the error by signing the punishment verdict. The Court held that since the discrepancy was not objected to and since there was no request to poll the jury, no reversible error was shown. *Shelton*, 441 S.W.2d at 538; *see also Parish v. State*, 523 S.W.2d 665, 666 (Tex.Crim.App.1975).

In the instant case, appellant failed to object to either verdict form. Moreover, the trial court, after announcing the guilty verdict and stating that it was signed by Harry Dean Davis, asked if either side wished to poll the jury. Appellant declined. The court then asked if there was "any reason why the verdict should not be accepted." Appellant responded in the negative. We conclude that by failing to give the trial court the opportunity to cure the complained-of error, appellant waived any such error in the form of the verdicts. Point three is overruled.

■ Point of error one states the trial court erred in giving the jury a parole law charge pursuant to Tex.Code Crim.Proc. Ann. art. 37.07, § 4(a) (Vernon Supp.1988).

The Court of Criminal Appeals recently held that article 37.07, § 4(a) and any instruction given pursuant to that statute is

unconstitutional. *Rose v. State*, No. 193–87 (Tex.Crim.App., June 15, 1988) (opinion on reh'g) (not yet reported). But the Court noted that, although it is error to give the instruction, the error is not automatically reversible and must be analyzed under Tex. R.App.P. 81(b)(2). *Id.*, slip op. at 3. Thus, appellant's conviction must be reversed unless we determine "beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment." *Id.*

During the punishment phase of trial, the State called Claire Sterner, a probation officer for the Michigan Department of Corrections, to the stand. Sterner testified that in 1984, appellant was convicted of two felonies in the Circuit Court of Allegan County, Michigan: one for attempted breaking and entering with intent to commit larceny and another for attempted unlawful driving away of an automobile. Appellant served one year in prison for the latter offense and was still on probation for the former. He violated the terms of his probation by leaving the State of Michigan without permission and by committing the charged sexual assault.

During jury argument, the prosecutor stated that she had never seen a case that warranted a life sentence more than the present one. She also stated "none of us knows ... how long [appellant] will be [in prison] and you are not to consider that because it is not your job."

Despite the aggravated nature of the crime, and in view of the fact that appellant's prior convictions were for non-violent and non-sexually related crimes, we are unable to conclude beyond a reasonable doubt that the parole instruction made no contribution to the jury's assessment of the maximum allowable sentence. We sustain appellant's first point of error.

Given our disposition of point one, point of error two is indispositive and need not be addressed.

Because of the error in the punishment phase, the judgment of the trial court is set aside, and the cause is REMANDED to the trial court for further proceedings in accordance with *Ex Parte Klasing*, 738 S.W. 2d 648, 650 (Tex.Crim.App.1987).

NYE, C.J., dissents.

NYE, Chief Justice, dissenting.

I respectfully dissent because I do not find that the parole instruction [1] made any contribution to the punishment assessed by the jury. Tex.R.App.P. 81(b)(2) provides that if the record in a criminal case reveals error, we shall reverse the judgment, unless we determine beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

In the instant case, the jury found appellant guilty of aggravated sexual assault of a child and assessed the maximum sentence provided for this crime by our legislature, life imprisonment. In applying the harmless error test of Rule 81(b)(2), I believe that there are several factors which indicate that the error was harmless. First, upon examining the punishment charge, I notice that after the statutory parole instruction was given to the jury, the trial judge also delivered the following curative instructions:

> You shall not discuss how long the Defendant will be required to serve the punishment you impose. Such matters come within the exclusive jurisdiction of the Texas Board of Pardons and Paroles.

In giving this instruction, the trial judge warned the jury not to use information concerning parole in assessing appellant's punishment. The trial judge also told the jury that parole was not their concern. *See and compare Rose v. State*, 752 S.W.2d 529, 554 (Tex.Crim.App.1988). In *Rose*, the Texas Court of Criminal Appeals determined beyond a reasonable doubt that a parole law instruction made no contribution to a defendant's conviction or punishment. The Court relied upon the fact that the trial judge gave the jury a curative instruction akin to the one given to the jury in the case before us. This Court must presume that

the jury followed this instruction. *Gamez v. State*, 737 S.W.2d 315, 324 (Tex.Crim. App.1987); *Barry v. State*, 700 S.W.2d 271, 272 (Tex.App.—Corpus Christi 1985, pet. ref'd); *see also* Tex.R.App.P. 80(d).

Additionally, the nature of the crime and the revolting conduct of appellant most certainly contributed to the jury's assessment of punishment. In the early morning, appellant entered a residence without consent and went into a bedroom occupied by a sleeping twelve-year-old girl. Appellant got into the child's bed and began touching her body. The child screamed. Appellant subdued the child by covering her mouth, raising his fist, and threatening to hurt her if she did not obey him. He then touched her sexual organ with his hand and with his sexual organ. At one point, he actually penetrated her sexual organ with his finger and tried to do the same with his sexual organ. The child managed to get out of the bedroom, but appellant continued his attack by chasing her with a rake. He struck her on the head, hard enough for her to lose consciousness. Using the rake and his fist, appellant also struck the child's mother, sister, and another girl. Before leaving the crime scene, he warned them that he had a knife on his person. He threatened to kill the child and her family if they called the police.

Finally, appellant's prior criminal record also lends support to the sentence imposed by the jury. A Michigan Department of Corrections probation officer testified during the sentencing phase that appellant had two prior felony convictions. One conviction was for attempted breaking and entering with intent to commit larceny. He served one year in prison for this conviction. The other conviction was for attempted unlawful driving away of an automobile. For this conviction, he was placed on probation. He flagrantly violated his probation by leaving the State of Michigan without permission from his probation officer. He also violated his probation by committing the offense in the case before us.

The presumption that the jury followed the trial judge's instruction to disregard parole, combined with appellant's criminal record and the shocking facts of the crime, lead me to conclude that the statutory parole instruction did not affect appellant's sentence. I find, beyond a reasonable doubt, that the error made no contribution to appellant's punishment. Tex.R.App.P. 81(b)(2); *Rose v. State*, 752 S.W.2d at 555. I would affirm the judgment of conviction by the jury and the trial court.