NO. 07-03-0045-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 10, 2003


______________________________



SCOTT FINCH
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-400,421; HON. CECIL PURYEAR, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellant Scott Finch contends in 16 issues that his conviction for robbery should
be reversed. In those issues, he argues that 1) the evidence is legally and factually
insufficient to support a finding that he caused bodily injury during the commission of the
offense, 2) the trial court erred in its charge and in receiving and accepting a fatally
defective jury verdict, 3) the jury committed misconduct by violating its instructions and
oath, 4) the jury's verdict of not guilty to the lesser charge of theft rendered the verdict of
guilt void, 5) his right to be free of double jeopardy was violated, 6) the trial court erred in
admitting evidence in violation of Rules 401 and 404(b) of the Rules of Evidence, and 7)
his sentence was cruel and unusual and grossly disproportionate to the severity of the
crime. We affirm the judgment of the trial court. 

Background


 On July 6, 2000, Christy Hennsley (Hennsley) and her three-year-old son Tyler were
shopping at Lowe's Supermarket in Lubbock. Hennsley paid for her purchase at the
cashier stand and was putting her change into her wallet while she motioned for Tyler to
come to her from the candy display. Appellant was in line behind Hennsley and at that
moment, snatched approximately $660 from the open cash register and ran past Hennsley,
knocking Hennsley into a counter and Tyler into an object and/or the floor. Appellant was
apprehended by store personnel. 

 Appellant was charged with robbery in two counts. The first alleged appellant
caused bodily injury to Hennsley while committing theft and the second alleged he caused
bodily injury to Tyler while doing the same. The jury acquitted appellant of the first count
but found him guilty of the second count. After he pled true to the enhancement
paragraphs of the indictment, he was sentenced to 99 years confinement.

Legal and Factual Sufficiency


 In his first two issues, appellant challenges the legal and factual sufficiency of the
evidence to show that he intentionally, knowingly, or recklessly caused bodily injury to Tyler
during the commission of the theft. We overrule the issues.

 The standards by which we review sufficiency challenges are well established, and 
need not be reiterated. Instead, we cite the parties to Jackson v. Virginia, 443 U.S. 307,
319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), Sims v. State, 99 S.W.3d 600, 601 (Tex. Crim.
App. 2003); Zuliani v. State, 97 S.W.3d 589, 593-94 (Tex. Crim. App. 2003), and King v.
State, 29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000) for their explanation. 

 Next, a person commits robbery if, in the course of committing a theft and with intent
to obtain or maintain control of the property, he intentionally, knowingly, or recklessly
causes bodily injury to another. Tex. Pen. Code Ann. §29.02(a)(1) (Vernon 2003). 
Appellant does not challenge the sufficiency of the evidence to prove the element of theft. 
However, he contends that bodily injury was not proven. The indictment charged appellant
with causing bodily injury to Tyler by pushing him into a hard object. 

 Bodily injury is defined as "physical pain, illness, or any impairment of physical
condition." Id.§1.07(a)(8). The definition is broad and encompasses even relatively minor
physical contacts as long as they are more than mere offensive touching. Reyes v. State,
83 S.W.3d 237, 239 (Tex. App.--Corpus Christi 2002, no pet.); Arnold v. State, 36 S.W.3d
542, 545 (Tex. App.--Tyler 2000, pet. ref'd); see also Lane v. State, 763 S.W.2d 785, 787
(Tex. Crim. App. 1989) (holding that a red and purple bruise on the victim's wrist from
twisting was sufficient to show bodily injury). Furthermore, such injury may be proven
through evidence of violence accompanying an escape immediately subsequent to a
completed or attempted theft. Arnold v. State, 36 S.W.3d at 545. Additionally, evidence
of a cut, scrape, or bruise on the body is sufficiently indicative of physical pain to establish
bodily injury even if there is no testimony the victim felt pain. Arzaga v. State, 86 S.W.3d
767, 778 (Tex. App.--El Paso 2002, no pet.). 

 Hennsley testified that appellant "shov[ed] Tyler into the next cashier" after stealing
the money from the cash register. She also stated 1) that her son, due to being pushed,
"ran into something, causing him to hit himself," 2) that the boy "fell into the next check-out
thing, like where they stand. . . ," 3) that because of this, his ear was "extremely red" and
he was crying and holding his head, 4) that his ear had not been red prior to being pushed,
and 5) that his ear was still slightly pink the next day. Former Officer Wuensche also
observed that Tyler's right ear was "really red" and one of his cheeks was "really bruised." 
There was further evidence, however, that Hennsley asked Tyler if he was all right and he
responded affirmatively, and that she refused treatment for him. The police dispatch tape
recording also indicated that Tyler's ear was red and he was crying, but that Hennsley
thought "he just got scared because everybody else was freaking out." An employee of
Lowe's said he just remembered the boy falling on the floor. The foregoing constitutes
some evidence upon which the jury could rationally conclude, beyond reasonable doubt,
that Tyler suffered bodily injury. See Goodin v. State, 750 S.W.2d 857, 859 (Tex. App.--
Corpus Christi 1988, pet. ref'd) (holding that the jury could infer the complainant felt pain
even though he did not testify that he did or that his bruises hurt). Furthermore, when
compared to the entire record, we cannot say that the evidence was so weak as to render
such a conclusion clearly wrong or manifestly unjust. Nor can we hold that such a finding
is so against the great weight and preponderance of the evidence as to be clearly wrong.

 Appellant also argues there is no evidence that he had the requisite intent to cause
bodily injury. The State was required to show that appellant intentionally, knowingly, or
recklessly caused bodily injury to Tyler. A person acts recklessly or is reckless with respect
to the circumstances surrounding his conduct or the result of his conduct when he is aware
of but consciously disregards a substantial and unjustifiable risk that the circumstances
exist or the result will occur. Tex. Pen. Code Ann. §6.03(c) (Vernon 2003). The risk must
be of such a nature and degree that its disregard constitutes a gross deviation from the
standard of care that an ordinary person would exercise under all the circumstances as
viewed from the actor's standpoint. Id. 

 Hennsley testified that appellant was trying to get her to move out of his way and,
in doing so, he pushed her to the side causing her to hit the counter. So too does it show
that he shoved the three-year-old child into the adjacent cashier's stall to get by the youth
and make his escape. It does not take much imagination to realize that an adult shoving
a three-year-old child with sufficient force to cause the child to careen into a cashier's stand
or onto the floor and suffer bruises creates a substantial and unjustifiable risk that bodily
injury will occur. So, from the evidence, the jury could rationally infer that appellant, at the
very least, acted recklessly by being aware of and disregarding the risk that his conduct
could result in injury. In other words, there was some evidence from which the jury could
rationally deduce beyond reasonable doubt that appellant recklessly caused Tyler to suffer
bodily injury while committing theft. And, upon testing that deduction against the entire
record, we also conclude that it would enjoy the support of factually sufficient evidence as
well. (2) 

Issues Three and Four - Charge Error


 Via his third and fourth issues, appellant complains of the way the trial court
submitted the lesser-included offense of theft. The manner in which it was submitted was
potentially confusing to the jury, he posits. However, when the trial court asked the litigants
whether they had any objections to the instruction, both the State and defendant said no. 
Having withheld objection below, the appellant waived his complaint on appeal. Posey v.
State, 966 S.W.2d 57, 61 n.9 (Tex. Crim. App. 1998). (3) 

Issues Five, Six, Seven, Eight, and Nine - Defective Jury Verdict


 In his next five issues, appellant complains that the trial court erred in accepting a
fatally defective jury verdict which was incomplete, made no express finding on the lesser-
included offense, and rendered the verdict of guilt void as to Count II. Further, he claims
he was denied a fair trial by the jury's misconduct in violating its oath and instructions. We
overrule the issues.

 When the verdict was rendered by the jury, the trial court asked both the State and
appellant if they had any questions as to the verdict. Both said that they did not. Because
appellant stood mute, i.e. made no objection to the verdict when it was rendered, he
waived the error about which he now complains. Shelton v. State, 441 S.W.2d 536, 538
(Tex. Crim. App. 1969) (holding that if the failure of the jury foreman to sign the verdict
form had been called to the trial court's attention, the claimed error could have been
corrected); Renner v. State, 758 S.W.2d 890, 891 (Tex. App.--Corpus Christi 1988, pet.
ref'd) (holding that by failing to give the trial court the opportunity to correct the alleged
errors in the verdict forms, the defendant waived any such errors). 

 Even if the error was not waived, a verdict must be upheld if its meaning can be
reasonably ascertained. Brinson v. State, 570 S.W.2d 937, 939 (Tex. Crim. App. 1978);
Luna v. State, 70 S.W.3d 354, 359 (Tex. App.--Corpus Christi 2002, pet. ref'd). 
Furthermore, a verdict should be liberally construed. Perez v. State, 21 S.W.3d 628, 631
(Tex. App.--Houston [14th Dist.] 2000, no pet.); White v. State, 866 S.W.2d 78, 86 (Tex.
App.--Beaumont 1993, no pet.). Here, the jury clearly intended to find appellant not guilty
of robbery under count one but guilty of robbery under count two. Having done so, it acted
in accordance with the court's instructions when it did not address the lesser-included
offense of theft. This is so because the trial court told it to consider the lesser offense if
it had reasonable doubt as to appellant's guilt of the greater offenses encompassed under
counts one or two. To the extent the jury found appellant guilty of the greater offense as
it related to the robbery of Tyler, it is quite reasonable to conclude that the jury need not 
have considered (and opted not to consider) the lesser offense of theft. So, contrary to
appellant's suggestions, the jury did not ignore the court's instructions, abdicate its duty,
or render an incomplete verdict.

 Issues Ten and Eleven - Double Jeopardy


 Appellant raises, via his tenth and eleventh issues, the matter of double jeopardy. 
He contends that his conviction of the offense of robbery in Count II after his acquittal for
the offense in Count I violates his right to be free of double jeopardy under the United
States and Texas Constitutions. (4) We overrule the issues.

 In Ex parte Hawkins, 6 S.W.3d 554 (Tex. Crim. App. 1999), the court addressed
how more than one robbery prosecution may be initiated if the defendant assaults more
than one person in the course of stealing one item of property. In doing so, the court found
that the current robbery statute is no longer a form of theft but a form of assault, and in
Texas there may be a prosecution for each victim of an assaultive offense. Id. at 560. As
a result, the court held that prosecuting the defendant twice for robbery involving different
victims but the same theft did not constitute double jeopardy. Id. at 561. 

 At bar, each count in this case involved a different victim of assault although each
assault involved the same theft. Therefore, based on Hawkins, the prohibition against
double jeopardy was not violated. 

Issues Twelve and Thirteen 


 Via his twelfth and thirteenth issues, appellant argues that the trial court erred in
admitting the testimony of Victoria Singleterry (Singleterry). The act purportedly violated
Rules 401 and 404(b) of the Rules of Evidence. We overrule the issues. 

 Singleterry testified, outside the presence of the jury, that she was in the Lowe's
store on July 6, 2002. A man came up behind her, put his hand over her mouth, and asked
for her money. He pulled her back, which caused her pain, and fumbled through her purse
trying to find money. When he left, she reported the incident to a clerk, who took her to the
front of the store. Later, she saw some employees of Lowe's bringing him back into the
store. She identified appellant as the person brought back into the store and the person
who had attempted to rob her. 

 Appellant objected to the testimony under Rule 404(b) but did not object under Rule
401. (5) Therefore, any complaint related to that rule (401) is waived. See McFarland v.
State, 845 S.W.2d 824 (Tex. Crim. App. 1992), cert. denied, 508 U.S. 963, 113 S.Ct. 2937,
124 L.Ed.2d 686 (1993). 

 Next, Rule 404(b) provides that evidence of other crimes, wrongs or acts is not
admissible to prove the character of a person in order to show action in conformity
therewith. However, it may be admissible for other purposes such as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or
accident. Tex. R. Evid. 401(b). The State had previously told the trial court that the
purpose of the evidence was to show intent, knowledge, and common scheme. 

 Admission of such evidence is within the trial court's discretion. Montgomery v.
State, 810 S.W.2d 372, 390 (Tex. Crim. App. 1990). Below, appellant contended that he
did not commit robbery. Again, robbery, as alleged here, consisted of two parts. The first
involved theft and the second, assault. Appellant readily argued to the jury that he
committed the theft but denied assaulting anyone in the process; that is, he argued that he
did not intentionally, knowing, or recklessly cause anyone to suffer bodily injury. The
episode involving Singleterry, however, constituted evidence evincing that he intended to
engage in assaultive behavior while endeavoring to steal money. In other words, the
previous incident involving Singleterry was relevant to the offense for which he was being
prosecuted because it illustrated his intent to cause bodily injury during his assault on Tyler
moments later. See Castillo v. State, 865 S.W.2d 89, 92 (Tex. App.--Corpus Christi 1993,
no pet.) (holding that extraneous theft offenses are relevant to show the defendant's intent
to deprive another of his property); Koontz v. State, 868 S.W.2d 27 (Tex. App.--Fort Worth
1993, pet. ref'd) (holding that in a robbery prosecution, evidence that the defendant was
present on another occasion with the same companions when they entered another's
residence was relevant as to the defendant's intent to participate in the robberies). 

 Furthermore, the trial court could have viewed the attack upon Singleterry as
contextual evidence of the attack upon Tyler and his mother. All three occurred within
moments of each other, at the same place, and for the same purpose (i.e. to obtain
property from others). At the very least, any conclusion that the prior assault upon
Singleterry illustrated the context of the entire criminal episode and was admissible
therefore as evidence of the context of the crime would not fall outside the zone of
reasonable disagreement. See Fleming v. State, 956 S.W.2d 620, 623 (Tex. App.-
Eastland 1997, pet. ref'd untimely filed) (holding the evidence that appellant also shot
others at the same time and place was admissible contextual evidence indivisibly
connected to the offense for which appellant was being tried). And, because it would not
fall outside the zone of reasonable disagreement, we cannot say that the trial court abused
its discretion in admitting it. 

Issues Fourteen, Fifteen, and Sixteen - Length of Punishment


 In his final three issues, appellant complains that his sentence of 99 years is cruel
and unusual and grossly disproportionate to the severity of the offense. We overrule the
issues for they were waived. That is, they were not raised below but are asserted here for
the first time. Consequently, they were not preserved for review. Rhoades v. State, 934
S.W.2d 113, 120 (Tex. Crim. App. 1996) (involving the contention that the punishment
levied was cruel and unusual); Jacobs v. State, 80 S.W.3d 631, 632-33 (Tex. App.--Tyler
2002, no pet.) (involving the same contention).

 Yet, even had they been preserved, the sentence fell within the range provided by
statute. Thus, it was not cruel and unusual. Jordan v. State, 495 S.W.2d 949, 952 (Tex.
Crim. App. 1973). Furthermore, appellant did not simply commit misdemeanor theft as
suggested in his brief. His act of robbing the store while assaulting Tyler constituted a
felony. Furthermore, he pled true to the enhancement paragraphs alleged in the
indictment, both of which involved the commission of other thefts. Given his status as a
habitual offender, we cannot say that his life sentence was disproportionate to the severity
of the crime. See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992) cert. denied, 506
U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992) (upholding a life sentence for stealing 20
cases of beer when the appellant was previously convicted of armed robbery, burglary, and
escape).

 Accordingly, we affirm the judgment of the trial court. 


 Brian Quinn

 Justice 


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2004). 
2. Contrary to appellant's suggestion, there is no variance between the indictment and evidence
presented at trial regarding how Tyler's injuries were caused. Again, the State alleged that they were caused
by appellant "pushing [the child] into a hard object" and, the evidence illustrated that as a result of appellant
shoving the boy, the child struck an object in the neighboring cashier's stand and then landed on the floor. 
Why hitting an object in a cashier's stand and then the floor is not tantamount to being "push[ed] . . . into a
hard object" goes unexplained. More importantly, we reasonably construe the latter (striking a hard object) 
to encompass the former (hitting the floor and objects in a cashier's stand).
3. To the extent that appellant also argues that the trial court should have twice submitted the lesser-
included offense of theft there was again no objection uttered below. Under that circumstance, Posey dictates
that he waived this complaint as well. Darnes v. State, No. 07-02-204-CR, 2003 Tex. App. Lexis 9117at 10
(Tex. App.-Amarillo October 27, 2003, no pet. h.) (holding that the failure to object to the omission of a lesser-included offense results in the waiver of the complaint). 
4. Appellant does not argue that the state constitution provides him any greater protection than the
federal constitution. Therefore, we will not separately address the matter. See Garcia v. State, 919 S.W.2d
370, 388-89 (Tex. Crim. App. 1996) (holding that when error is founded upon a violation of both the Texas and
United States Constitutions, each claim must be separately briefed to avoid waiver.)
5. Appellant objected to the admission of a photograph of himself on the basis it was not relevant, but
did not object to the testimony of Singleterry on the basis of Rule 401.