NO. 07-03-0045-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 10, 2003

_____

SCOTT FINCH,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-400,421; HON. CECIL PURYEAR, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant Scott Finch contends in 16 issues that his conviction for robbery should be reversed. In those issues, he argues that 1) the evidence is legally and factually insufficient to support a finding that he caused bodily injury during the commission of the offense, 2) the trial court erred in its charge and in receiving and accepting a fatally defective jury verdict, 3) the jury committed misconduct by violating its instructions and

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

oath, 4) the jury's verdict of not guilty to the lesser charge of theft rendered the verdict of guilt void, 5) his right to be free of double jeopardy was violated, 6) the trial court erred in admitting evidence in violation of Rules 401 and 404(b) of the Rules of Evidence, and 7) his sentence was cruel and unusual and grossly disproportionate to the severity of the crime. We affirm the judgment of the trial court.

## Background

On July 6, 2000, Christy Hennsley (Hennsley) and her three-year-old son Tyler were shopping at Lowe's Supermarket in Lubbock. Hennsley paid for her purchase at the cashier stand and was putting her change into her wallet while she motioned for Tyler to come to her from the candy display. Appellant was in line behind Hennsley and at that moment, snatched approximately $660 from the open cash register and ran past Hennsley, knocking Hennsley into a counter and Tyler into an object and/or the floor. Appellant was apprehended by store personnel.

Appellant was charged with robbery in two counts. The first alleged appellant caused bodily injury to Hennsley while committing theft and the second alleged he caused bodily injury to Tyler while doing the same. The jury acquitted appellant of the first count but found him guilty of the second count. After he pled true to the enhancement paragraphs of the indictment, he was sentenced to 99 years confinement.

## *Legal and Factual Sufficiency*

In his first two issues, appellant challenges the legal and factual sufficiency of the evidence to show that he intentionally, knowingly, or recklessly caused bodily injury to Tyler during the commission of the theft. We overrule the issues.

2

The standards by which we review sufficiency challenges are well established, and need not be reiterated. Instead, we cite the parties to *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Sims v. State,* 99 S.W.3d 600, 601 (Tex. Crim. App. 2003); *Zuliani v. State,* 97 S.W.3d 589, 593-94 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000) for their explanation.

Next, a person commits robbery if, in the course of committing a theft and with intent to obtain or maintain control of the property, he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PEN. CODE ANN. §29.02(a)(1) (Vernon 2003). Appellant does not challenge the sufficiency of the evidence to prove the element of theft. However, he contends that bodily injury was not proven. The indictment charged appellant with causing bodily injury to Tyler by pushing him into a hard object.

Bodily injury is defined as "physical pain, illness, or any impairment of physical condition." *Id.*§1.07(a)(8). The definition is broad and encompasses even relatively minor physical contacts as long as they are more than mere offensive touching. *Reyes v. State,* 83 S.W.3d 237, 239 (Tex. App.--Corpus Christi 2002, no pet.); *Arnold v. State,* 36 S.W.3d 542, 545 (Tex. App.--Tyler 2000, pet. ref'd); *see also Lane v. State,* 763 S.W.2d 785, 787 (Tex. Crim. App. 1989) (holding that a red and purple bruise on the victim's wrist from twisting was sufficient to show bodily injury). Furthermore, such injury may be proven through evidence of violence accompanying an escape immediately subsequent to a completed or attempted theft. *Arnold v. State,* 36 S.W.3d at 545. Additionally, evidence of a cut, scrape, or bruise on the body is sufficiently indicative of physical pain to establish

bodily injury even if there is no testimony the victim felt pain. *Arzaga v. State,* 86 S.W.3d 767, 778 (Tex. App.--El Paso 2002, no pet.).

Hennsley testified that appellant "shov[ed] Tyler into the next cashier" after stealing the money from the cash register. She also stated 1) that her son, due to being pushed, "ran into something, causing him to hit himself," 2) that the boy "fell into the next check-out thing, like where they stand. . . ," 3) that because of this, his ear was "extremely red" and he was crying and holding his head, 4) that his ear had not been red prior to being pushed, and 5) that his ear was still slightly pink the next day. Former Officer Wuensche also observed that Tyler's right ear was "really red" and one of his cheeks was "really bruised." There was further evidence, however, that Hennsley asked Tyler if he was all right and he responded affirmatively, and that she refused treatment for him. The police dispatch tape recording also indicated that Tyler's ear was red and he was crying, but that Hennsley thought "he just got scared because everybody else was freaking out." An employee of Lowe's said he just remembered the boy falling on the floor. The foregoing constitutes some evidence upon which the jury could rationally conclude, beyond reasonable doubt, that Tyler suffered bodily injury. *See Goodin v. State,* 750 S.W.2d 857, 859 (Tex. App.--Corpus Christi 1988, pet. ref'd) (holding that the jury could infer the complainant felt pain even though he did not testify that he did or that his bruises hurt). Furthermore, when compared to the entire record, we cannot say that the evidence was so weak as to render such a conclusion clearly wrong or manifestly unjust. Nor can we hold that such a finding is so against the great weight and preponderance of the evidence as to be clearly wrong.

Appellant also argues there is no evidence that he had the requisite intent to cause bodily injury. The State was required to show that appellant intentionally, knowingly, or

4

recklessly caused bodily injury to Tyler. A person acts recklessly or is reckless with respect to the circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. TEX. PEN. CODE ANN. §6.03(c) (Vernon 2003). The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. *Id.*

Hennsley testified that appellant was trying to get her to move out of his way and, in doing so, he pushed her to the side causing her to hit the counter. So too does it show that he shoved the three-year-old child into the adjacent cashier's stall to get by the youth and make his escape. It does not take much imagination to realize that an adult shoving a three-year-old child with sufficient force to cause the child to career into a cashier's stand or onto the floor and suffer bruises creates a substantial and unjustifiable risk that bodily injury will occur. So, from the evidence, the jury could rationally infer that appellant, at the very least, acted recklessly by being aware of and disregarding the risk that his conduct could result in injury. In other words, there was some evidence from which the jury could rationally deduce beyond reasonable doubt that appellant recklessly caused Tyler to suffer bodily injury while committing theft. And, upon testing that deduction against the entire record, we also conclude that it would enjoy the support of factually sufficient evidence as well.[2]

_____

[2]Contrary to appellant's suggestion, there is no variance between the indictment and evidence presented at trial regarding how Tyler's injuries were caused. Again, the State alleged that they were caused by appellant "pushing [the child] into a hard object" and, the evidence illustrated that as a result of appellant shoving the boy, the child struck an object in the neighboring cashier's stand and then landed on the floor. Why hitting an object in a cashier's stand and then the floor is not tantamount to being "push[ed] . . . into a

5

### *Issues Three and Four - Charge Error*

Via his third and fourth issues, appellant complains of the way the trial court submitted the lesser-included offense of theft. The manner in which it was submitted was potentially confusing to the jury, he posits. However, when the trial court asked the litigants whether they had any objections to the instruction, both the State and defendant said no. Having withheld objection below, the appellant waived his complaint on appeal. *Posey v. State,* 966 S.W.2d 57, 61 n.9 (Tex. Crim. App. 1998).[3]

### *Issues Five, Six, Seven, Eight, and Nine - Defective Jury Verdict*

In his next five issues, appellant complains that the trial court erred in accepting a fatally defective jury verdict which was incomplete, made no express finding on the lesser-included offense, and rendered the verdict of guilt void as to Count II. Further, he claims he was denied a fair trial by the jury's misconduct in violating its oath and instructions. We overrule the issues.

When the verdict was rendered by the jury, the trial court asked both the State and appellant if they had any questions as to the verdict. Both said that they did not. Because appellant stood mute, *i.e.* made no objection to the verdict when it was rendered, he waived the error about which he now complains. *Shelton v. State,* 441 S.W.2d 536, 538 (Tex. Crim. App. 1969) (holding that if the failure of the jury foreman to sign the verdict

---

hard object" goes unexplained. More importantly, we reasonably construe the latter (striking a hard object) to encompass the former (hitting the floor and objects in a cashier's stand).

[3]To the extent that appellant also argues that the trial court should have twice submitted the lesser-included offense of theft there was again no objection uttered below. Under that circumstance, *Posey* dictates that he waived this complaint as well. *Darnes v. State*, No. 07-02-204-CR, 2003 Tex. App. Lexis 9117 at 10 (Tex. App.–Amarillo October 27, 2003, no pet. h.) (holding that the failure to object to the omission of a lesser-included offense results in the waiver of the complaint).

form had been called to the trial court's attention, the claimed error could have been corrected); *Renner v. State,* 758 S.W.2d 890, 891 (Tex. App.--Corpus Christi 1988, pet. ref'd) (holding that by failing to give the trial court the opportunity to correct the alleged errors in the verdict forms, the defendant waived any such errors).

Even if the error was not waived, a verdict must be upheld if its meaning can be reasonably ascertained. *Brinson v. State,* 570 S.W.2d 937, 939 (Tex. Crim. App. 1978); *Luna v. State,* 70 S.W.3d 354, 359 (Tex. App.--Corpus Christi 2002, pet. ref'd). Furthermore, a verdict should be liberally construed. *Perez v. State,* 21 S.W.3d 628, 631 (Tex. App.--Houston [14th Dist.] 2000, no pet.); *White v. State,* 866 S.W.2d 78, 86 (Tex. App.--Beaumont 1993, no pet.). Here, the jury clearly intended to find appellant not guilty of robbery under count one but guilty of robbery under count two. Having done so, it acted in accordance with the court's instructions when it did not address the lesser-included offense of theft. This is so because the trial court told it to consider the lesser offense if it had reasonable doubt as to appellant's guilt of the greater offenses encompassed under counts one or two. To the extent the jury found appellant guilty of the greater offense as it related to the robbery of Tyler, it is quite reasonable to conclude that the jury need not have considered (and opted not to consider) the lesser offense of theft. So, contrary to appellant's suggestions, the jury did not ignore the court's instructions, abdicate its duty, or render an incomplete verdict.

### Issues Ten and Eleven - Double Jeopardy

Appellant raises, via his tenth and eleventh issues, the matter of double jeopardy. He contends that his conviction of the offense of robbery in Count II after his acquittal for

the offense in Count I violates his right to be free of double jeopardy under the United States and Texas Constitutions.[4]  We overrule the issues.

In *Ex parte Hawkins,* 6 S.W.3d 554 (Tex. Crim. App. 1999), the court addressed how more than one robbery prosecution may be initiated if the defendant assaults more than one person in the course of stealing one item of property.  In doing so, the court found that the current robbery statute is no longer a form of theft but a form of assault, and in Texas there may be a prosecution for each victim of an assaultive offense.  *Id.* at 560.  As a result, the court held that prosecuting the defendant twice for robbery involving different victims but the same theft did not constitute double jeopardy.  *Id.* at 561.

At bar, each count in this case involved a different victim of assault although each assault involved the same theft.  Therefore, based on *Hawkins,* the prohibition against double jeopardy was not violated.

### Issues Twelve and Thirteen

Via his twelfth and thirteenth issues, appellant argues that the trial court erred in admitting the testimony of Victoria Singleterry (Singleterry).  The act purportedly violated Rules 401 and 404(b) of the Rules of Evidence.  We overrule the issues.

Singleterry testified, outside the presence of the jury, that she was in the Lowe's store on July 6, 2002.  A man came up behind her, put his hand over her mouth, and asked for her money.  He pulled her back, which caused her pain, and fumbled through her purse trying to find money.  When he left, she reported the incident to a clerk, who took her to the

---

[4] Appellant does not argue that the state constitution provides him any greater protection than the federal constitution.  Therefore, we will not separately address the matter.  *See Garcia v. State,* 919 S.W.2d 370, 388-89 (Tex. Crim. App. 1996) (holding that when error is founded upon a violation of both the Texas and United States Constitutions, each claim must be separately briefed to avoid waiver.)

8

front of the store. Later, she saw some employees of Lowe's bringing him back into the store. She identified appellant as the person brought back into the store and the person who had attempted to rob her.

Appellant objected to the testimony under Rule 404(b) but did not object under Rule 401.[5] Therefore, any complaint related to that rule (401) is waived. *See McFarland v. State,* 845 S.W.2d 824 (Tex. Crim. App. 1992), *cert. denied,* 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993).

Next, Rule 404(b) provides that evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. However, it may be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. TEX. R. EVID. 401(b). The State had previously told the trial court that the purpose of the evidence was to show intent, knowledge, and common scheme.

Admission of such evidence is within the trial court's discretion. *Montgomery v. State,* 810 S.W.2d 372, 390 (Tex. Crim. App. 1990). Below, appellant contended that he did not commit robbery. Again, robbery, as alleged here, consisted of two parts. The first involved theft and the second, assault. Appellant readily argued to the jury that he committed the theft but denied assaulting anyone in the process; that is, he argued that he did not intentionally, knowing, or recklessly cause anyone to suffer bodily injury. The episode involving Singleterry, however, constituted evidence evincing that he intended to engage in assaultive behavior while endeavoring to steal money. In other words, the

---

[5] Appellant objected to the admission of a photograph of himself on the basis it was not relevant, but did not object to the testimony of Singleterry on the basis of Rule 401.

9

previous incident involving Singleterry was relevant to the offense for which he was being prosecuted because it illustrated his intent to cause bodily injury during his assault on Tyler moments later. *See Castillo v. State,* 865 S.W.2d 89, 92 (Tex. App.--Corpus Christi 1993, no pet.) (holding that extraneous theft offenses are relevant to show the defendant's intent to deprive another of his property); *Koontz v. State,* 868 S.W.2d 27 (Tex. App.--Fort Worth 1993, pet. ref'd) (holding that in a robbery prosecution, evidence that the defendant was present on another occasion with the same companions when they entered another's residence was relevant as to the defendant's intent to participate in the robberies).

Furthermore, the trial court could have viewed the attack upon Singleterry as contextual evidence of the attack upon Tyler and his mother. All three occurred within moments of each other, at the same place, and for the same purpose (*i.e.* to obtain property from others). At the very least, any conclusion that the prior assault upon Singleterry illustrated the context of the entire criminal episode and was admissible therefore as evidence of the context of the crime would not fall outside the zone of reasonable disagreement. *See Fleming v. State*, 956 S.W.2d 620, 623 (Tex. App.–Eastland 1997, pet. ref'd untimely filed) (holding the evidence that appellant also shot others at the same time and place was admissible contextual evidence indivisibly connected to the offense for which appellant was being tried). And, because it would not fall outside the zone of reasonable disagreement, we cannot say that the trial court abused its discretion in admitting it.

### Issues Fourteen, Fifteen, and Sixteen - Length of Punishment

In his final three issues, appellant complains that his sentence of 99 years is cruel and unusual and grossly disproportionate to the severity of the offense. We overrule the

10

issues for they were waived. That is, they were not raised below but are asserted here for the first time. Consequently, they were not preserved for review. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (involving the contention that the punishment levied was cruel and unusual); *Jacobs v. State,* 80 S.W.3d 631, 632-33 (Tex. App.--Tyler 2002, no pet.) (involving the same contention).

Yet, even had they been preserved, the sentence fell within the range provided by statute. Thus, it was not cruel and unusual. *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Furthermore, appellant did not simply commit misdemeanor theft as suggested in his brief. His act of robbing the store while assaulting Tyler constituted a felony. Furthermore, he pled true to the enhancement paragraphs alleged in the indictment, both of which involved the commission of other thefts. Given his status as a habitual offender, we cannot say that his life sentence was disproportionate to the severity of the crime. *See McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992) *cert. denied*, 506 U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992) (upholding a life sentence for stealing 20 cases of beer when the appellant was previously convicted of armed robbery, burglary, and escape).

Accordingly, we affirm the judgment of the trial court.

Brian Quinn
Justice

Do not publish.