Affirmed and Memorandum Opinion filed November 9, 2004









Affirmed
and Memorandum Opinion filed November 9, 2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01231-CR

____________

 

KELTON VONDRE
YATES,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 263rd
Judicial District Court

Harris County, Texas

Trial Court Cause No. 925,472

 



 

M E M O R A N D U M  O P I N I O N

Kelton Vondre Yates brings this appeal
from his conviction for the murder of Gary Cooper in August of 2002.  After convicting him, the jury sentenced
Yates to sixty years imprisonment and fined him $10,000.  In seven points of error, appellant contends
that the trial court erred in accepting verdicts signed by less than eleven
jurors after one juror was excused; that the evidence was legally and factually
insufficient to support appellant’s conviction; and that the accomplice
testimony was not properly corroborated. 
We affirm.

 








Background

In the summer of 2002, Lori Cooper, a
Westfield High School student, believed that she had been impregnated by
appellant, Kelton Yates, with whom she had been “messing around.”  Appellant told his mother the news; she, in
turn, informed Lori’s parents, Gary and Wanda, who arranged a meeting including
them, appellant, his mother, and Lori. 
At the meeting, Lori’s parents made it known that, should Lori indeed be
pregnant, they wished to have the pregnancy terminated.  This was contrary to the wishes of Lori and
appellant, who exchanged “heated words” with Gary during the course of the
meeting.  

Two nights later, at approximately two in
the morning, the Cooper’s doorbell rang. 
Looking through the front windows, Gary and Wanda saw appellant standing
at their door, and went to their separate bedrooms to change clothes.  When Wanda returned to the front of the
house, she found Gary, bleeding, on the front porch.  She asked him who had attacked him; he
responded, “Kelton.”  Gary Cooper later
died from multiple stab wounds.  A smudge
of Cooper’s blood was found on the passenger side of the car of appellant’s
friend Kiondrix Smith.

Appellant was arrested and charged with
the murder of Gary Cooper, both as a principle and as a party.  A jury of eleven convicted appellant.  On appeal, he claims that the trial court erred
in accepting a verdict signed by less than all eleven jurors and that the
evidence to convict him was legally and factually insufficient.

The Verdicts

In his first and second points of error,
appellant claims the trial court erred in receiving a verdict signed by less
than eleven jurors in violation of Article 36.29 of the Texas Code of Criminal
Procedure, which states as follows:








After the charge
of the court is read to the jury, if any one of them becomes so sick as to
prevent the continuance of his duty, or any accident of circumstance occurs to
prevent their being kept together under circumstances under which the law or
the instructions of the court requires that they be kept together, the jury
shall be discharged, except that on agreement on the record by the defendant,
the defendant’s counsel, and the attorney representing the state 11 members of
a jury may render a verdict and, if punishment is to be assessed by the jury,
assess punishment.  If a verdict is
rendered by less than the whole number of the jury, each member of the jury
shall sign the verdict.    

Tex. Code Crim. Proc. Ann. art. 36.29(c)
(Vernon Supp. 2004).  If the verdict is
not signed by all eleven jurors, the defendant must object to the form of the
verdict to preserve error on appeal.  Renner
v. State, 758 S.W.2d 890, 891 (Tex. App.—Corpus Christi 1988, pet. ref’d)
(“We conclude that by failing to give the trial court the opportunity to cure
the complained-of error, appellant waived any such error in the form of the
verdicts.”) (citing Shelton v. State, 441 S.W.2d 536, 538 (Tex. Crim.
App. 1969)). 

At trial, a twelve-member jury was
empaneled and sworn.  After the charge
was read and during the guilt/innocence deliberations, one juror became unable
to serve due to a knee problem.  After
holding a hearing, the trial court ruled that the juror was disabled under
Article 36.29; both parties agreed to continue with eleven jurors.  Both the guilt and the punishment verdicts
were returned signed only by the foreman. 
Appellant made no objection to either verdict.

Since appellant failed to object to either
verdict for being signed by fewer than all eleven jurors, he waived error.  His first and second points of error are
therefore overruled.

The Accomplice Witness Rule

Appellant argues in his seventh point of
error that the State relied on improperly-corroborated accomplice testimony
and, as a result, the evidence is legally insufficient to support his
conviction.  We disagree, taking this
point out of order as its outcome bears upon the appellant’s remaining four
points of error.








In order for a conviction based upon an
accomplice’s testimony to stand, the Code of Criminal Procedure requires that
the testimony be corroborated “by other evidence tending to connect the
defendant with the offense committed.”  Tex. Code Crim. Proc. Ann. art. 38.14
(Vernon Supp. 2004).  Merely proving the
offense was committed is not sufficient. 
Id. 

To conduct a review under the accomplice
witness rule, a reviewing court must eliminate the accomplice testimony from
consideration.  Solomon v. State,
49 S.W.3d 356, 361 (Tex. Crim. App. 2001). 
The corroborating evidence need not directly connect the defendant to
the crime, nor must it be sufficient in itself to establish guilt; the evidence
needs only to connect the defendant to the offense.  Solomon, 49 S.W.3d at 361; Cathey v.
State, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999).  Evidence of the defendant’s mere presence in
the accomplice’s company before, during, and after the commission of the
offense is insufficient corroboration; however, this evidence, coupled with
other suspicious circumstances, may tend to connect the defendant to the
offense.  Dowthitt v. State, 931
S.W.2d 244, 249 (Tex. Crim. App. 1996). 
The requirement of Article 38.14 is thus fulfilled when the combined
weight of non-accomplice testimony tends to connect the defendant to the
offense.  Cathey, 992 S.W.2d at
462; see also Gosch v. State, 829 S.W.2d 775, 777 (Tex. Crim. App.
1991). 

Here, assuming without deciding that
Kiondrix Smith and Lori Cooper are accomplices as a matter of law, we find that
evidence outside their testimonies tends to connect appellant to the offense:
Wanda Cooper’s testimony that 1) appellant and the victim argued about Lori
Cooper’s pregnancy (and whether or not to terminate it) days before the murder;
2) Wanda Cooper saw appellant outside the window on the night of the offense,
thus placing him at the crime scene; and 3) the victim identified the appellant
as his attacker.  Because the requirement
of Article 38.14 is thus fulfilled, the jury was properly able to consider the
testimony of both Lori Cooper and Kiondrix Smith.  

Appellant’s seventh point of error is
therefore overruled.








Legal
and Factual Sufficiency

In points of error
three through six, appellant contends the evidence is legally and factually
insufficient to support his conviction, either as a principle or as a
party.  We find sufficient evidence
exists, both legally and factually, to support appellant’s conviction.

We utilize the normal standards of legal
and factual sufficiency in our review.  See
Jackson v. Virginia, 443 U.S. 307 (1979); King v. State, 29 S.W.3d
556, 562-63 (Tex. Crim. App. 2000).  To
obtain a conviction for murder in this case, the State was required to prove
beyond a reasonable doubt that appellant 1) intentionally or knowingly caused
the death of Gary Cooper or 2) intended to cause serious bodily injury and
committed an act clearly dangerous to human life that caused the death of Gary
Cooper.  Tex. Pen. Code Ann. § 19.02 (Vernon 2003).  Given that the jury was free to consider the
testimony of Kiondrix Smith and Lori Cooper as well as the other evidence
presented in the case, we find that a rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  See King, 29 S.W.3d at 562.  Appellant’s argument with Gary Cooper over
Lori Cooper’s possible pregnancy provided a motive for the crime; furthermore,
Wanda Cooper testified that she saw appellant on her front porch the night of
the crime and that her husband identified appellant as his attacker.  This evidence is therefore legally sufficient
to support appellant’s conviction as a principle.  Id.

We also find that a neutral review of the
evidence does not demonstrate that the proof of guilt is so obviously weak as
to undermine confidence in the jury’s determination.  Id. at 563.  Neither is the proof of guilt greatly
outweighed by any contrary proof.  The
evidence is therefore factually sufficient to support appellant’s conviction.  








As a result of our finding regarding the
sufficiency of the evidence to support 
appellant’s conviction as a principle, we need not reach his argument
claiming the evidence is legally or factually insufficient to support his
conviction as a party.  The jury in this
case returned a general verdict; in that event, when the evidence is sufficient
to support a finding of guilt under any of the allegations submitted, the
verdict will be upheld.  Alvarado v.
State, 912 S.W.2d 199, 225 (Tex. Crim. App. 1995).  Appellant’s points of error three through six
are therefore overruled.

We affirm the
judgment of the trial court.

 

 

 

 

 

/s/      Adele
Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed November 9, 2004.

Panel consists of
Chief Justice Hedges and Justices Fowler and Seymore.

Do Not Publish — Tex. R. App. P. 47.2(b).