**Bryone ARNOLD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–99–00186–CR.**

Court of Appeals of Texas,
Tyler.

July 20, 2000.

Discretionary Review Refused
Dec. 13, 2000.

**544**

John R. Jarvis, Grand Prairie, for appellant.

Edward J. Marty, Tyler, for appellee.

Panel consisted of DAVIS, C.J., HADDEN, J., and WORTHEN, J.

ROBY HADDEN, Justice.

Appellant Bryone Arnold appeals his conviction for the offense of robbery, a second degree felony. Appellant pleaded not guilty, but the jury found him guilty of the charged offense. Thereafter, on Appellant's election, the court determined his punishment and sentenced him to 45 years' confinement in the Texas Department of Criminal Justice—Institutional Division. In three points, Appellant challenges the sufficiency of the evidence to support his conviction and the exclusion of evidence by the trial court. We will affirm.

## FACTUAL BACKGROUND

On July 27, 1998, David Wilson ("Wilson"), a Wal–Mart security officer, saw Appellant pick up a videocassette recorder ("VCR") and place it in a sack. Appellant then left the store with the VCR, but did not pay for the merchandise. Wilson stopped Appellant outside the store and identified himself. Appellant put the VCR on the ground and claimed that he did not know anything about it. Wilson tried to get Appellant to return to the store. Appellant struck Wilson in the face with his fist. Assistant Manager Michael Bradley saw Appellant hit Wilson in the face. Two other Wal–Mart employees saw Appellant attempt to hit Wilson, but could not say that he actually hit him.

## SUFFICIENCY OF THE EVIDENCE

In his first two points of error, Appellant contends that the evidence was legally and factually insufficient to support the jury's finding of guilt. He agrees that the evidence was sufficient to establish the element of theft, but asserts that he did not cause the bodily injury to Wilson necessary for a robbery conviction. This Court will examine the jury's findings in light of the appropriate standards of review.

### 1. Standard of Review

When an appellant asserts that the evidence is both legally and factually insufficient, an appellate court must first determine whether evidence presented at trial was legally sufficient to support the jury's verdict. *Clewis v. State,* 922 S.W.2d 126, 133 (Tex.Cr.App.1996). The standard for reviewing the legal sufficiency of the evidence is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.E.2d 560 (1979). *See also Richardson v. State,* 879 S.W.2d 874, 879 (Tex. Cr.App.1993); *Geesa v. State,* 820 S.W.2d

154, 157 (Tex.Cr.App.1991). An appellate court should uphold the jury's verdict "unless it is found to be irrational or unsupported by more than a mere modicum of evidence." *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Cr.App.1988). The appellate court must resolve all conflicts in the evidence in favor of the verdict and indulge every reasonable inference. *Sneed v. State,* 803 S.W.2d 833, 837 (Tex.App.— Dallas 1991, pet. ref'd); *see also Turro v. State,* 867 S.W.2d 43, 47 (Tex.Cr.App. 1993). The jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given the testimony of each witness. *Penagraph v. State,* 623 S.W.2d 341, 343 (Tex.Cr.App. 1982). As fact finder, the jury may reject all or any part of a witness's testimony. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex. Cr.App.1986).

█ Once an appellate court has determined that the evidence is legally sufficient to support the verdict, the court must then proceed to review the evidence for factual sufficiency. *Clewis,* 922 S.W.2d at 133. In conducting a factual sufficiency review, the appellate court must view all of the evidence impartially and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* at 135; *Bigby v. State,* 892 S.W.2d 864, 875 (Tex. Cr.App.1994). However, this court must not substitute its judgment for that of the jury. It is not the role of this court to interfere with the jury in resolving conflicts in the evidence or determining the weight and credibility to be accorded varying witnesses' testimony. *Van Zandt v. State,* 932 S.W.2d 88, 96 (Tex.App.—El Paso 1996, pet. ref'd).

### 2. Applicable Law

█ A person commits the offense of robbery if, in the course of committing theft, and with intent to obtain or maintain control over the property, he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PEN.CODE ANN. § 29.02(a)(1) (Vernon 1994). Bodily injury is defined as physical pain, illness, or any impairment of physical condition. TEX. PEN.CODE ANN. § 1.07(a)(8) (Vernon 1994). Bodily injury encompasses even relatively minor physical contact, but it must constitute more than mere offensive touching. *Lane v. State,* 763 S.W.2d 785, 786–87 (Tex.Cr.App.1989). Where violence is clearly perpetrated against another for the purpose of overcoming resistance to theft, a court should not engage in fine distinctions as to the degree or character of the physical force exerted. *Id.* (holding evidence was sufficient to support element of bodily injury where defendant grabbed wallet and twisted it out of victim's hands causing bruise on hand); *see also Lewis v. State,* 530 S.W.2d 117, 118 (Tex.Cr.App. 1975) (evidence sufficient to prove bodily injury where complainant testified she suffered physical pain when the defendant grabbed her briefcase and twisted her arm back, causing her to sustain a small bruise during the struggle). Bodily injury may also be proven by violence accompanying an escape immediately subsequent to a completed or attempted theft. *Morgan v. State,* 703 S.W.2d 339, 340–41 (Tex.App.— Dallas 1985, no pet.) (evidence sufficient to prove robbery where defendant attempted to flee without stolen property, two employees grappled with defendant, and defendant struck employee's face with his fist).

█ Wilson's testimony was sufficient to establish that Appellant caused him bodily injury in the course of committing theft. He testified that Appellant concealed a VCR in a bag and left the store without paying for it. Further, Wilson stated that he asked Appellant to return to the store with him and attempted to lead Appellant back into the store. At that point, Appellant struck Wilson in the face. Wilson testified that Appellant's blow caused him pain and that his face turned red. Viewing the evidence in the light most favorable to the verdict, there was sufficient evidence from which the jury

could have concluded that Appellant committed robbery.

Neither does the record support Appellant's challenge to the factual sufficiency of the evidence. Appellant asserts that the Wal-Mart employees were too eager to apprehend him as he left the store. In support of his claim, Appellant points out that two employees did not actually see him strike Wilson. While this is some evidence that he did not cause bodily injury to Wilson, it does not render the verdict so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. The evidence in this case is very similar to that found sufficient in *Morgan v. State*, 703 S.W.2d at 340–41. We hold that the evidence was both legally and factually sufficient to support the verdict and therefore overrule Appellant's first and second points of error.

### IMPEACHMENT EVIDENCE

In his third point of error, Appellant contends that the trial court erred by refusing to allow him to impeach Wilson's credibility with evidence of a prior criminal conviction. Wilson was the complaining witness and a critical factor in the State's case. In 1992, he was convicted of criminally negligent homicide, at that time a Class A misdemeanor. Appellant sought to impeach Wilson with evidence of the prior conviction, but the trial court ruled that criminally negligent homicide was not a crime of moral turpitude and did not allow Appellant to impeach the witness.

### 1. Standard of Review

 Generally, an appellate court reviews the trial court's exclusion of impeachment evidence for an abuse of discretion. *Theus v. State*, 845 S.W.2d 874, 881 (Tex.Cr.App.1992); *Montgomery v. State*, 810 S.W.2d 372, 390–93 (Tex.Cr.App.1991) (on rehearing). A trial court does not abuse its discretion if its "ruling was at

least within the zone of reasonable disagreement." *Montgomery*, 810 S.W.2d at 391. Under this standard, we "view the evidence in the light most favorable to the trial court's ruling," affording almost total deference to findings of historical fact supported by the record. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Cr.App.1997). However, when admission of evidence does not depend on an evaluation of credibility or demeanor of a witness but rather a question of law, an appellate court must review *de novo* the trial court's determination of the applicable law. *Id.*

### 2. Texas Rule of Evidence 609(a)

 Certain prior convictions of a witness may be admitted into evidence for the purpose of impeaching the witness by attacking his credibility. TEX.R. OF EVID. 609(a); *Jackson v. State*, 11 S.W.3d 336, 339 (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd). Rule 609(a) allows impeachment of a witness with a prior criminal conviction if the prior conviction involved a felony or a crime of moral turpitude, and the court determines the probative value of the evidence outweighs its prejudicial effect. *Id.* In reviewing the trial court's decision admitting into evidence a prior conviction, we must accord the trial court "wide discretion." *Theus v. State*, 845 S.W.2d 874, 881 (Tex.Cr.App.1992). The proponent of the evidence has the burden to demonstrate the admissibility of the evidence. *Theus*, 845 S.W.2d at 880.

 Moral turpitude is (1) the quality of a crime involving grave infringement of the moral sentiment of the community as distinguished from statutory *mala prohibita;*[1] (2) conduct that is base, vile, or depraved; and (3) something that is inherently immoral or dishonest. *See Ludwig v. State*, 969 S.W.2d 22, 28 (Tex.App.—Fort Worth 1998, pet. ref'd). Texas courts have not addressed whether the misde-

---

1. Acts that are *mala prohibita* are those which are made criminal by statute. No criminal intent is required, and the act itself is suffi-

cient for criminal liability. BLACK'S LAW DICTIONARY 956 (6th ed.1990).

meanor offense of criminally negligent homicide is a crime of moral turpitude, but have considered various other offenses. *See, e.g., Holgin v. State,* 480 S.W.2d 405 (Tex.Cr.App.1972) (prostitution involves moral turpitude); *Stephens v. State,* 417 S.W.2d 286 (Tex.Cr.App.1967) (driving while intoxicated is not a crime of moral turpitude); *Bensaw v. State,* 129 Tex.Crim. 474, 88 S.W.2d 495 (1935) (theft is a crime of moral turpitude); *Sherman v. State,* 124 Tex.Crim. 273, 62 S.W.2d 146 (1933) (swindling involves moral turpitude); *Lape v. State,* 893 S.W.2d 949, 958 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd) (the crime of making a false report is a crime of moral turpitude because it involves dishonesty); *Hardeman v. State,* 868 S.W.2d 404, 405 (Tex.App.—Austin 1993, pet. dism'd) (assault by a man against a woman is a crime of moral turpitude).

Criminally negligent homicide is defined as causing the death of an individual by criminal negligence. TEX. PEN. CODE ANN. § 19.05 (Vernon 1994). A person acts with criminal negligence when he ought to be aware of a substantial and unjustifiable risk. TEX. PEN.CODE ANN. § 6.03(d) (Vernon 1994). The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. *Id.* The nature of negligence is that it is not intentional or even reckless. It is the failure to perceive a risk of which one should have been aware. It is not by its nature vile or depraved. While recognizing the value of life and the gravity of the taking of life, we hold that criminally negligent homicide is not a crime of moral turpitude.

The trial court did not err in excluding the evidence of Wilson's prior conviction for criminally negligent homicide. Appellant was unable to meet the first requirement of Rule 609(a) admissibility, *i.e.,* that the witness to be impeached had previously been convicted of a felony or crime of moral turpitude. As Appellant was unable to establish this element, we hold that the trial court did not err in excluding the impeachment evidence. We overrule Appellant's third point.

The judgment is *affirmed.*