COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-170-CR
 
 
HUGO ALEJANDRO SIERRA                                                    APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT 
COUNTY
 
------------
 
OPINION ON REHEARING
 
------------
 
        After 
reconsidering our prior opinion on appellant’s motion for rehearing, we deny 
the motion, but we withdraw our September 30, 2004 opinion and judgment and 
substitute the following in their place.
INTRODUCTION
        Hugo 
Alejandro Sierra appeals from his conviction for capital murder.  In eleven 
issues, appellant complains that the trial court erred (1) in overruling his 
motion to suppress appellant’s confession because it was obtained in violation 
of article 15.16 of the Texas Code of Criminal Procedure, in violation of 
article 38.23 of the Texas Code of Criminal Procedure, in violation of the 
Vienna Convention, and in violation of the state and federal constitutional 
protections against self incrimination; (2) in overruling appellant’s 
requested charge to the jury on the voluntariness of appellant’s statement; 
(3) in overruling appellant’s Texas Rule of Evidence 403 objection to the 
introduction of autopsy photographs; (4) in overruling appellant’s Batson 
challenge because all Hispanic male jurors were struck by the State; (5) in 
overruling appellant’s requested jury charge on accomplice testimony; (6) in 
overruling appellant’s Texas Rule of Evidence 403 objection to the playing of 
the 911 tape; (7) in overruling appellant’s motion for a mistrial because the 
emotional testimony of the murder victim’s widow violated Texas Rule of 
Evidence 403, the state and federal constitutions, and the code of criminal 
procedure; (8) in overruling appellant’s motion to declare the automatic life 
sentence for capital punishment as cruel and unusual punishment; and (9) by 
denying appellant the right to impeach Martin Esparza with a felony conviction 
from Mexico.  We affirm.
FACTS
        On 
March 23, 2001, appellant, a Mexican national, borrowed a gun from his cousin 
and a white truck from his cousin’s roommate. Appellant and Heliberto Chi 
planned to use the truck and gun to commit a robbery at the K & G Men’s 
store in Arlington, where Chi used to work.
        The 
next afternoon, appellant and Chi went to K & G and “stood around” 
inside talking to several of Chi’s former co-workers. Appellant and Chi then 
went out to the parking lot to wait until closing time.
        At 
around 8:45 p.m., Chi left appellant in the truck and went into the store saying 
that he had left his wallet there. Chi told appellant that he would shoot people 
if necessary.  After pretending to look for his wallet with no luck, Chi 
acted as though he were leaving and walked toward the front of the store.  
When he reached the front of the store, he pulled a gun on the three employees 
while appellant stayed in the parking lot in the truck with the engine running.
        At 
one point, Chi demanded that the employees give him the deposit bag. Armand 
Paliotta gave it to him, but then pushed Chi and ran toward the front of the 
store.  The two other employees, Gloria Chavez and Adrian Riojas, ran 
toward the warehouse.  First, Chi shot Paliotta, then he went after Riojas 
and shot him in the back.  Chi looked for Chavez, but did not find her 
because she was hiding in a clothes rack.  Paliotta died almost instantly, 
but Riojas and Chavez survived.
        Appellant 
and Chi fled in the truck, and appellant eventually drove them back to his 
apartment.  There, they divided the money, and appellant left with 
$500.  The next day, appellant returned the truck to his cousin’s 
roommate and the gun to his cousin.  Two of the bullets from the gun were 
missing, and appellant told his cousin that he lost them.
        The 
police first suspected that appellant might be involved in the robbery and 
murder because Chi had dated appellant’s sister.  When searching for Chi, 
the police went to appellant’s apartment and arrested appellant on outstanding 
traffic tickets from Dallas County.  After his arrest, appellant signed a 
written confession regarding his involvement in the robbery and murder.  
The jury found appellant guilty of capital murder, and the trial court sentenced 
him to life imprisonment.
MOTION TO SUPPRESS
        In 
his first three issues, appellant complains that the trial court erred in 
overruling appellant’s motion to suppress his confession to the police.
Standard of Review
        We 
review a trial court’s ruling on a motion to suppress evidence under a 
bifurcated standard of review.  Carmouche v. State, 10 S.W.3d 323, 
327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. 
Crim. App. 1997).  In reviewing the trial court’s decision, we do not 
engage in our own factual review.  Romero v. State, 800 S.W.2d 539, 
543 (Tex. Crim. App. 1990); Best v. State, 118 S.W.3d 857, 861 (Tex. 
App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of 
fact and judge of the credibility of the witnesses and the weight to be given 
their testimony.  State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 
2000); State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 
1999).  Therefore, we give almost total deference to the trial court’s 
rulings on (1) questions of historical fact and (2) application-of-law-to-fact 
questions that turn on an evaluation of credibility and demeanor. Johnson v. 
State, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); Harrison v. State, 
144 S.W.3d 82, 85 (Tex. App.—Fort Worth 2004, pet. filed); Best, 118 
S.W.3d at 861-62.  However, when the trial court’s rulings do not turn on 
the credibility and demeanor of the witnesses, we review de novo a trial 
court’s rulings on mixed questions of law and fact.  Johnson, 68 
S.W.3d at 652-53.
Background Facts Relating to the Motion to Suppress
        Police 
officers arrested appellant at his apartment in Dallas County for outstanding 
traffic tickets from Dallas County.  After the arrest, the police took him 
to the Arlington Police Department without first taking him to a magistrate in 
Dallas County.  At police department, appellant told the police that “he 
wanted to be honest, wanted to be truthful, wanted to talk.”  Before the 
police interrogated appellant, they read him his Miranda rights, and 
appellant initialed the Miranda warning card.  After about ten 
minutes of interrogation, appellant orally confessed to helping Chi commit the 
robbery and murder that took place at the K & G.
        Detective 
Tommy LeNoir asked appellant if he would reduce his oral confession to a written 
statement and appellant agreed. But while writing his confession, appellant 
could not recall the exact name of the store or its address.  To make sure 
that appellant and the police were talking about the same offense, Detective 
LeNoir had appellant take him to the K & G Men’s Store in Arlington, where 
appellant confirmed that it was the correct store.  Back at the police 
station, appellant finished his written confession, edited it, and signed 
it.  The trial court admitted the confession into evidence at trial.
Violation of the Code of Criminal Procedure
        In 
his first issue, appellant complains that the trial court erred by denying his 
motion to suppress his confession because the police obtained the confession in 
violation of code of criminal procedure 15.16, which states that the person 
executing an arrest warrant shall without unnecessary delay take the arrested 
person before the magistrate who issued the warrant or is named in the warrant, 
if the magistrate is in the same county where the person is arrested.  Tex. Code. Crim. Proc. Ann. art. 15.16 
(Vernon 1977).  Texas Code of Criminal Procedure article 38.23 provides 
that evidence obtained in violation of the Texas and U.S. Constitutions or laws 
of the State of Texas shall not be admitted in evidence against the accused on 
the trial of any criminal case.  Tex. 
Code. Crim. Proc. Ann. art. 38.23(a) (Vernon Supp. 2004-05).  
However, evidence is not obtained in violation of law and is not subject to 
exclusion under the statutory exclusionary rule if there is no causal connection 
between the illegal conduct and the acquisition of the evidence.  Gonzales 
v. State, 67 S.W.3d 910, 912 (Tex. Crim. App. 2002); Roquemore v. State, 
60 S.W.3d 862, 870 (Tex. Crim. App. 2001); Chavez v. State, 9 S.W.3d 817, 
820 (Tex. Crim. App. 2000).  Likewise, it is well-settled, however, that 
the failure to take an arrestee before a magistrate in a timely manner will not 
invalidate a confession unless there is proof of a causal connection between the 
delay and the confession.  Cantu, 842 S.W.2d at 680.  
Accordingly, the State contends that there was no causal connection between the 
alleged violation of article 15.16 and appellant’s confession.
        Here, 
appellant said he wanted to tell the truth about what had happened; the police 
read him his Miranda rights; appellant signed the Miranda 
warnings, indicating he received and understood his rights; appellant gave the 
police an oral confession within ten minutes of beginning the interrogation; and 
Miranda warnings were contained in the written confession that appellant 
also signed.  This evidence shows that appellant freely, knowingly, and 
voluntarily gave the police his confession and any delay in bringing appellant 
before a magistrate had no causal connection to appellant’s statement.  
We hold that the trial court did not abuse its discretion in denying 
appellant’s motion to suppress his confession on a violation of article 15.16 
of the code of criminal procedure.  See Cantu, 842 S.W.2d at 680; Childress 
v. State, 312 S.W.2d 247, 250 (Tex. Crim. App. 1958) (holding confession 
made while under arrest is not inadmissible as a matter of law because officers 
failed to take accused before magistrate); Golemon v. State, 247 S.W.2d 
119, 124 (Tex. Crim. App.) (holding failure to bring the defendant before a 
magistrate does not render confession inadmissible on theory that such failure 
was a violation of the law), cert. denied, 344 U.S. 847 (1952).  We 
overrule appellant’s first issue.
Vienna Convention
        In 
his second issue, appellant argues that the trial court erred by denying his 
motion to suppress due to a violation of section 36 of the Vienna 
Convention.  Although appellant concedes that the Texas Court of Criminal 
Appeals’s decision in Rocha v. State controls this case, he argues that 
the decision is against public policy and should be reversed. 16 S.W.3d 1, 19 
(Tex. Crim. App. 2000) (holding that the exclusionary rule of the Texas Code of 
Criminal Procedure did not apply to treaty violations).
        Section 
36 of the Vienna Convention provides that when nationals from participating 
countries are arrested in the United States, the authorities are required to 
notify the foreign national that he has a right to contact his nation’s 
consulate.  Vienna Convention on Consular Relations, Apr. 24, 1963, art. 
36(1)(b), at http://www.un.org/law/ilc/texts/consul.htm.  
If the foreign national requests, the authorities “shall, without delay” 
inform the foreign consulate that he has been detained.  Id. 
Additionally, the consular officials from the foreign country shall have the 
right to visit their nationals in custody in the United States.  Id. 
art. 36(1)(c).  Appellant argues that his confession should have been 
suppressed because the police never notified him that, as a Mexican national, he 
had a right to contact the Mexican Consulate, nor did the police contact the 
consulate on his behalf.
        The 
State argues that this court is bound by the court of criminal appeals decision 
in Rocha.  16 S.W.3d at 18-19.  The court in Rocha held 
that the article 38.23(a) exclusionary rule of the Texas Code of Criminal 
Procedure does not apply to violations of treaties.  Id.; see also Tex. Code Crim. Proc. Ann. § 
38.23(a).  Absent contrary directions from the United States Supreme Court, 
the court of criminal appeals stated that it would not enforce Vienna Convention 
violations claimed under the federal exclusionary rule.  Rocha, 16 
S.W.3d at 19.  This court is bound by the precedent of the Texas Court of 
Criminal Appeals and has no authority to disregard or overrule the precedent in Rocha.  
See Wiley v. State, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet. 
ref’d).  Accordingly, we hold that the trial court did not abuse its 
discretion by denying appellant’s motion to suppress on this ground.  
Therefore, we overrule appellant’s second issue.
Violation of Appellant’s Constitutional Right 
Against Self Incrimination
        In 
his third issue, appellant complains that the trial court erred by denying his 
motion to suppress because it violated appellant’s Texas and United States 
Constitutional rights against self-incrimination.  Although appellant 
alleges that admission of his confession violated the Texas and United States 
Constitutions, his argument consists of only one paragraph and does not cite a 
single legal authority in support of his argument.  Thus, appellant has 
inadequately briefed this argument, and we will not consider it.  See 
Tex. R. App. P. 38.1(h); Jackson 
v. State, 50 S.W.3d 579, 591 n.1 (Tex. App.—Fort Worth 2001, pet. ref’d) 
(explaining that by raising an issue and failing to present any argument or 
authority on that issue, the party waives that issue).
JURY CHARGE ERRORS
        In 
appellant’s fourth issue, he complains that the trial court erred by denying 
his jury charge request on voluntariness.  Appellant claims that his 
confession is involuntary and therefore inadmissible due to violations of the 
Vienna Convention.  As we have previously discussed, the court of criminal 
appeals in Rocha determined that a violation of the Vienna Convention 
provides no basis for the jury to disregard an otherwise voluntary 
confession.  Rocha, 16 S.W.3d at 18-19.  Therefore, the trial 
court’s failure to give the requested instruction regarding the affect of the 
Vienna Convention was not error.  See Sifuentes v. State, 29 S.W.3d 
238, 244 (Tex. App.—Amarillo 2000, pet. ref’d).  Appellant’s fourth 
issue is overruled.
        In 
appellant’s seventh issue, he complains that the trial court erred by denying 
his request for a jury charge on accomplice testimony.  Appellant’s 
complaint focuses specifically on the testimony given at trial by Martin Esparza 
and Jose Luis Soto, who, respectively, provided the truck and the gun used in 
the robbery and murder.  Appellant argues that Soto and Esparza were 
accomplices and, as such, the code of criminal procedure prohibited the State 
from convicting appellant solely on their uncorroborated testimony.
        Article 
38.14 of the Code of Criminal Procedure provides as follows:
  
A conviction cannot be had upon the testimony of an accomplice unless 
corroborated by other evidence tending to connect the defendant with the offense 
committed; and the corroboration is not sufficient if it merely shows the 
commission of the offense.
   
TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 1979).  In conducting 
a sufficiency review under the accomplice-witness rule, the reviewing court must 
eliminate the accomplice testimony from consideration and then examine the 
remaining portions of the record to ascertain if there is any evidence that 
tends to connect the accused with the commission of the crime.  Solomon 
v. State, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001); Hernandez v. State, 
939 S.W.2d 173, 176 (Tex. Crim. App. 1997).  “Tendency to connect” 
rather than rational sufficiency is the standard: the corroborating evidence 
need not be sufficient by itself to establish guilt beyond a reasonable 
doubt.  Solomon, 49 S.W.3d at 361; Cathey v. State, 992 
S.W.2d 460, 462 (Tex. Crim. App. 1999), cert. denied, 528 U.S. 1082 
(2000).  Nor is it necessary for the corroborating evidence to directly 
link the accused to the commission of the offense.  Cathey, 992 
S.W.2d at 462.  To satisfy the accomplice-witness rule there simply needs 
to be other evidence tending to connect the accused to the commission of the 
offense. Id. at 463.
        When 
there exists no doubt that a witness is an accomplice, the court is under a duty 
to so instruct the jury and failure to do so may be reversible error. DeBlanc 
v. State, 799 S.W.2d 701, 709 (Tex. Crim. App. 1990) (applying Almanza), 
cert. denied, 501 U.S. 1259 (1991); Solis v. State, 792 S.W.2d 95, 
98 (Tex. Crim. App. 1990) (same); Burns v. State, 703 S.W.2d 649, 651 
(Tex. Crim. App. 1985) (same).  If there is doubt whether a witness is an 
accomplice witness, the trial court may submit the issue to the jury even though 
the evidence weighs in favor of the conclusion that the witness is an accomplice 
as a matter of law.  Kunkle v. State, 771 S.W.2d 435, 440-41 (Tex. 
Crim. App. 1986), cert. denied, 492 U.S. 925 (1989).
        The 
State contends that no accomplice witness instruction was required because 
neither Esparza nor Soto were accomplices.  The evidence at trial showed 
that appellant borrowed a white truck and a gun from Esparza and Soto, 
respectively, and offered to pay them for the use of these items.  No 
evidence was presented at trial to show that Soto and Esparza had any knowledge 
of the crime or played any role in the robbery and murder.  Detective 
LeNoir testified that the police initially considered Esparza and Soto as 
potential accomplices to the crime because they supplied the gun and 
truck.  But the police cleared them as accomplices after appellant made his 
statement saying that neither had any knowledge what the items were to be used 
for.  According to appellant, Esparza thought he was using the truck to 
“go out with some girls.”  Appellant stated that he did not tell Soto 
why he needed the gun.  Even appellant’s written confession, admitted at 
trial, denied that Esparza and Soto had any knowledge of why appellant wanted to 
borrow the gun and truck.
        Additionally, 
sufficient evidence existed to corroborate appellant’s participation in the 
crime, namely, his confession.  Because neither Esparza nor Soto could be 
considered accomplices and sufficient evidence existed to corroborate 
appellant’s involvement, appellant was not entitled to a jury instruction on 
accomplice testimony.  We hold that the trial court did not err in denying 
appellant’s requested instruction and overrule appellant’s seventh issue.
RULE 403 OBJECTIONS
        In 
his fifth and eighth issues, appellant complains that the trial court erred by 
overruling his objections to the introduction of autopsy photographs and the 
playing of the 911 phone call recording reporting the crime.  He contends 
that the exhibits were more prejudicial than probative under Texas Rule of 
Evidence 403.  Tex. R. Evid. 
403.
Standard of Review
        In 
reviewing the trial court’s determination of the probative and prejudicial 
value of evidence under rule 403, we will reverse the trial court only upon a 
clear abuse of discretion.  Rachal v. State, 917 S.W.2d 799, 808 
(Tex. Crim. App.), cert. denied, 519 U.S. 1043 (1996); Montgomery v. 
State, 810 S.W.2d 372, 392 (Tex. Crim. App. 1991) (op. on reh’g).  
But, reviewing for abuse of discretion in this context requires more than 
deciding that the trial judge did in fact conduct the required balancing between 
probative and prejudicial values; the trial court’s determination must be 
reasonable in view of all relevant facts.  Rachal, 917 S.W.2d at 
808; Montgomery, 810 S.W.2d at 392.  Accordingly, if the record 
reveals that the probative value of the tendered evidence is substantially 
outweighed by unfair prejudice, then the trial court acted irrationally in 
admitting it and abused its discretion.  Rachal, 917 S.W.2d at 808; Montgomery, 
810 S.W.2d at 392.
Autopsy Photographs
        In 
his fifth issue, appellant argues that the trial court erred by overruling his 
objection to three autopsy photographs of Paliotta’s body.  At trial, 
appellant objected to their admission arguing that the photographs were “very 
gruesome” and would unfairly prejudice appellant if admitted.  Appellant 
also claimed that the photographs were cumulative as to the cause of 
Paliotta’s death and that the cause of death could be shown by the medical 
examiner’s testimony and sketches.
        With 
regard to appellant’s challenges, rule 403 requires an admissible photograph 
to possess “some probative value and that its probative value not be 
substantially outweighed by its inflammatory nature.”  Santellan v. 
State, 939 S.W.2d 155, 172 (Tex. Crim. App. 1997) (quoting Long v. State, 
823 S.W.2d 259, 272 (Tex. Crim. App. 1991), cert. denied, 505 U.S. 1224 
(1992)).  In making this determination, we consider factors including the 
following: the number of exhibits offered, their gruesomeness, their detail, 
their size, whether they are black and white or color, whether they are close-up 
shots, whether the body is naked or clothed, the availability of other means of 
proof, and other circumstances unique to the individual case.  Id.
        Here, 
the three color photos at issue showed close-up views of the bullet entry wound 
on Paliotta’s back, the large bruise on the front of his chest where the 
bullet tried to exit, and his bloodied face.  The photos depicted the 
extent and nature of Paliotta’s wounds and did not show any alteration to his 
body resulting from autopsy or medical procedures.  See id. (allowing 
autopsy photos unless they depict mutilation of the victim caused by the autopsy 
itself).  The photographs were admitted during the State medical 
examiner’s testimony and they assisted him in describing his findings for the 
jury and illustrating to the jury the location and nature of Paliotta’s 
wounds.  See Matamoros v. State, 901 S.W.2d 470, 476 (Tex. 
1995) (admitting morgue photos of wounds because they added to jury’s 
understanding of the nature of the wounds involved); Rogers v. State, 774 
S.W.2d 247, 258 (Tex. Crim. App.) (holding that admission of autopsy photographs 
in capital murder prosecution was allowed for illustrative purposes with respect 
to pathologist’s testimony regarding cause of death), cert. denied, 493 
U.S. 984 (1989), overruled on other grounds by, Peek v. State, 106 S.W.3d 
72, 79 (Tex. Crim. App. 2003).  Paliotta was clothed from the waist down 
and the photos focused primarily on the gunshot wound that caused his 
death.  The photographs were not unnecessarily gruesome or so inflammatory 
that they would be excludable from a capital murder trial on grounds that their 
probative value, to show circumstances of crime and to depict reality of 
offense, was substantially outweighed by danger of unfair prejudice.  See 
Chamberlain v. State, 998 S.W.2d 230, 236-38 (Tex. Crim. App. 1999), cert. 
denied, 528 U.S. 1082 (2000).  We hold that the trial court did not 
abuse its discretion in admitting the photographs. We overrule appellant’s 
fifth issue.
911 Tape Recording
        In 
appellant’s eighth issue, he complains that the trial court erred in allowing 
the State to play the 911 tape aloud to the jury.  He argues that, instead, 
the trial court should have admitted a written transcript of the 911 tape in 
order to avoid “inflam[ing] the minds of the jurors and unduly predjudic[ing] 
the Appellant.”  Riojas and Chavez were excited and distraught on the 911 
recording, but did not display such emotion as to inflame the jurors to act on 
emotion rather than on the evidence.  Although the 911 recording was 
prejudicial to appellant, its probative value was not outweighed by the risk of 
undue prejudice.  We hold that the trial court did not abuse its discretion 
by allowing the tape to be played in front of the jury.  We overrule 
appellant’s eighth issue.  See Anderson v. State, 15 S.W.3d 177, 
186 (Tex. App.—Texarkana 2000, no pet.) (holding tape of call by victim’s 
husband to 911 was not more prejudicial than probative, even though tape was 
prejudicial to defendant, where tape covered period immediately after murder of 
wife, and contained eyewitness statements identifying defendant as the 
attacker); Munoz v. State, 932 S.W.2d 242, 244 (Tex. App.—Texarkana 
1996, no pet.) (holding tape recording of emergency call, in which caller told 
dispatcher that victim had been shot, was not more prejudicial than probative in 
murder trial; tape provided framework within which state’s evidence could be 
developed, tape was not unduly graphic, and, although caller was excited and 
distraught, he did not display the kind of inflammatory emotion that would be 
calculated to cause jurors to act on emotion rather than evidence).
BATSON CHALLENGE
        In 
his sixth issue, appellant complains that the trial court erred by overruling 
his Batson challenge because the State struck all potential Hispanic male 
jurors.
        Appellant 
is a Hispanic male and a Mexican national.  During the voir dire 
examination, the State used peremptory strikes to strike the only two male 
Hispanic veniremembers.  The Fourteenth Amendment prohibits the use of 
peremptory challenges in a racially discriminatory manner.  Batson v. 
Kentucky, 476 U.S. 79, 89, 106 S. Ct. 1712, 1719 (1986); Ladd v. State, 
3 S.W.3d 547, 563 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1070 
(2000).  When one party makes a prima facie case that another’s use of a 
peremptory strike is racially discriminatory, the striker must tender to the 
trial court race-neutral reasons for having made it.  Ladd, 3 S.W.3d 
at 563.  The challenger then must prove that the discrimination was 
purposeful. Id.
        Here, 
the State struck the only two potential Hispanic male jurors on the panel.  
However, quite a few minorities remained on the jury panel.  The court 
noted that jurors, Sally Rodriguez and Anita Garcia, were Hispanic and that Dawn 
Alvarez also had a Hispanic surname.  Additionally, juror Wade was an 
African-American male.  Appellant made a Batson challenge to the 
State’s use of their peremptory strikes, but the trial court ruled that 
appellant failed to make a prima facie case that the strikes were racially 
motivated.
        Even 
so, the State explained that it struck veniremember number eight, Rafael 
Bustamante, because he was the first juror to ask a question on the issue of 
what appellant should have anticipated when Chi went into the store.  
Because Bustamante had trouble deciding that issue, the State struck him.  
The State also struck veniremember twenty, Steve Hernandez, because the police 
had arrested him three times for domestic violence.  The State felt as 
though the arrests illustrated that Hernandez could not be a reliable State’s 
juror.
        Once 
the State gave its race-neutral explanations for striking Bustamante and 
Hernandez, the issue of whether appellant established a prima facie case became 
moot and appellant was then required to prove that the discrimination was 
purposeful. Hernandez v. New York, 500 U.S. 352, 359, 111 S. Ct. 1859, 
1866 (1991); Ladd, 3 S.W.3d at 563; Malone v. State, 919 S.W.2d 
410, 412 (Tex. Crim. App. 1996).  Because the trial court is in a unique 
position to determine the veracity of race-neutral reasons for exercising 
peremptory challenges, we must accord the trial court’s decision great 
deference and may not overturn it unless clearly erroneous.  Jasper v. 
State, 61 S.W.3d 413, 421-22 (Tex. Crim. App. 2001).  Our standard of 
review requires that we view the evidence in the light most favorable to the 
trial court’s ruling.  Id.  Having done so, we hold that the 
record before us does not establish that Bustamante and Hernandez were struck 
for racially discriminatory reasons.  We overrule appellant’s sixth 
issue.
WIDOW’S TESTIMONY
        In 
his ninth issue, appellant complains that the trial court erred by overruling 
appellant’s motion for a mistrial because the emotional testimony of 
Paliotta’s widow had no probative value and unfairly prejudiced appellant 
under evidence rule 403, the state and federal constitutions, and the code of 
criminal procedure’s guarantees of due process and fair trials.  Although 
appellant alleges that admission of the widow’s testimony violated the Texas 
and United States Constitutions, the rules of evidence, and the code of criminal 
procedure, his argument consists of only four sentences, and he does not cite a 
single authority in support of his argument.  Additionally, appellant 
failed to show how he was harmed by the testimony.  Thus, appellant has 
inadequately briefed this argument, and we will not consider it.  See 
Tex. R. App. P. 38.1(h); Jackson, 
50 S.W.3d at 591 n.1 (explaining that by raising an issue and failing to present 
any argument or authority on that issue, the party waives that issue).
CRUEL AND UNUSUAL PUNISHMENT
        In 
his tenth issue, appellant complains that the trial court erred by overruling 
appellant’s motion to declare the automatic life sentence for capital 
punishment as cruel and unusual punishment.
        Appellant 
contends his punishment is cruel and unusual in violation of the Eighth 
Amendment to the United States Constitution.  Specifically, he contends the 
automatic life sentence imposed by section 12.31 of the penal code and article 
37.071, section 1 of the code of criminal procedure violates his right to an 
individualized sentence under the Eighth Amendment.  U.S. Const. amend. VIII; Tex. Code Crim. Proc. Ann. art. 37.071, 
§ 1 (Vernon Supp. 2004-05); Tex. Penal 
Code Ann. § 12.31(a) (Vernon 2003).  Numerous courts, including 
this one, have rejected the argument that the assessment of a mandatory life 
sentence for the offense of capital murder constitutes cruel and unusual 
punishment within the meaning of the Eighth Amendment.  See, e.g., Buhl 
v. State, 960 S.W.2d 927, 935 (Tex. App.—Waco, pet. ref’d), cert. 
denied, 525 U.S. 1057 (1998); Laird v. State, 933 S.W.2d 707, 714-15 
(Tex. App.—Houston [14th Dist.] 1996, pet. ref’d); Prater v. State, 
903 S.W.2d 57, 59 (Tex. App.—Fort Worth 1995, no pet.).  We are 
unpersuaded by appellant’s request to revisit this issue.  Moreover, 
Texas courts have traditionally held that as long as the punishment is within 
the range prescribed by the Texas Legislature, the punishment is not excessive, 
cruel, or unusual.  See, e.g., Alvarez v. State, 63 S.W.3d 578, 580 
(Tex. App.—Fort Worth 2001, no pet.).  Here, appellant received a 
punishment within the statutory range.  See Tex. Penal Code Ann. § 12.31(a) (a 
defendant convicted of capital murder receives a mandatory life sentence when 
the State waives the death penalty).  Appellant’s tenth issue is 
overruled.
IMPEACHMENT OF A WITNESS
        In 
his eleventh issue, appellant complains that the trial court erred by denying 
appellant the right to impeach Martin Esparza with a felony conviction from 
Mexico.
        Rule 
of evidence 609(a) provides as follows:
  
For the purpose of attacking the credibility of a witness, evidence that the 
witness has been convicted of a crime shall be admitted if elicited from the 
witness or established by public record but only if the crime was a felony or 
involved moral turpitude, regardless of punishment, and the court determines 
that the probative value of admitting this evidence outweighs its prejudicial 
effect to a party.
  
Tex. R. Evid. 609(a).  The 
proponent of the evidence must show that it is admissible.  Arnold v. 
State, 36 S.W.3d 542, 546 (Tex. App.—Tyler 2000, pet. ref’d).  When 
reviewing a trial court’s decision to admit evidence of a defendant’s 
previous conviction, we accord the trial court wide discretion and reverse only 
when the court’s decision lies outside the zone of reasonable 
disagreement.  Theus v. State, 845 S.W.2d 874, 881 (Tex. Crim. App. 
1992).
        Esparza 
testified outside the jury’s presence that the Mexican police stopped him for 
possession of a firearm and held him in a Durango, Mexico jail for a day and a 
half.  Although Esparza admitted the offense was a felony in Mexico, he 
claimed that he never went before a judge or a court in the case.  
Appellant never offered any documents or testimony establishing the existence of 
a felony conviction, nor did he request a continuance to obtain proof.  It 
was appellant’s burden to produce evidence showing that a prior felony 
conviction existed.  See Arnold , 36 S.W.3d at 546.  Based upon 
this record, we hold that the trial court did not err in denying appellant’s 
request to impeach.  We overrule appellant’s eleventh issue.
CONCLUSION
        Having 
overruled all of appellant’s issues on appeal, we affirm the trial court’s 
judgment.
     
   
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
   
 
PANEL A:   CAYCE, 
C.J.; LIVINGSTON and WALKER, JJ.
 
PUBLISH
 
DELIVERED: December 16, 2004