NO. 07-10-0379-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 25, 2012

_____

GARY MOFFETT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 120TH DISTRICT COURT LUBBOCK COUNTY;

NO. 2009-425,183; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Gary Moffett, was convicted by a jury of knowingly possessing, with intent to deliver, cocaine, in an amount of two hundred grams or more but less than four hundred grams[1] enhanced and sentenced to confinement for life. Appellant asserts the trial court (1) erred by denying him proper confrontation and cross-examination of a confidential informant; (2) ordered him to pay court-appointed attorney's fees when there was no evidence he was not indigent; and (3) there was insufficient evidence to

---

[1]*See* Tex. Health & Safety Code Ann. § 481.112(e) (West 2010).

determine the amount of Appellant's court-appointed attorney's fees. The State concedes error regarding Appellant's second and third issues. We modify the trial court's judgment to delete the order to pay $4,815.00 in court-appointed attorney's fees as part of the court costs, correct the trial court's judgment to reflect the correct statutory basis for conviction, and affirm the judgment as modified.

### CONFRONTATION CLAUSE

Appellant asserts he was denied his constitutional right to confront a confidential informant because the trial court prevented pretrial access to the informant's statement to the police, made in conjunction with this agreement to work as a confidential informant, that his prior criminal history included robbery. He further asserts that, "[n]either the trial record nor the sealed materials reflect that the robbery to which [the informant] referred was *not* part of his 'prior criminal record;' it indicates several arrests for robberies, but does not remove the possibility that [the informant] was convicted of a robbery . . . ."

Appellant characterizes this issue as being one of constitutional dimension; however, the record reflects that Appellant conducted a full cross-examination of the informant. The record reflects no instances in which Appellant was denied an avenue by which to attack the witness's credibility on cross-examination at trial. Other than the assertions in Appellant's brief, the record contains no objection to the sealing of any documents by the trial court nor any objection by Appellant that would have required a ruling by the trial court during Appellant's cross-examination of the informant pertaining to his prior criminal record. Thus, we find this issue was not preserved for our review.

2

Tex. R. App. P. 33.1(a); *Layton v. State*, 280 S.W.3d 235, 238-39 (Tex.Crim.App. 2009). It is well settled that almost every right, constitutional or statutory, may be waived by failing to object. *Smith v. State*, 721 S.W.2d 844, 855 (Tex.Crim.App. 1986). *See Paredes v. State,* 129 S.W.3d 530, 535 (Tex.Crim.App. 2004) (a Confrontation Clause objection must be made in the trial court to preserve a Confrontation Clause complaint for review on appeal).[2] Appellant's first issue is overruled.

### COURT-APPOINTED ATTORNEY'S FEES

The written judgment in this case reflects an assessment of court-appointed attorney's fees totaling $4,815.00 as court costs. In order to assess attorney's fees as court costs, a trial court must determine that the defendant has financial resources that enable him to offset in part, or in whole, the costs of the legal services provided. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West 2009). Here, the record reflects that Appellant's counsel was appointed after the trial court found him indigent and unable to afford the cost of legal representation. Unless a material change in his financial resources occurs, once a criminal defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings. Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2011). Therefore, because there is evidence of record demonstrating that Appellant was found indigent and qualified for court-

---

[2]We also note that Texas Rule of Evidence 609 permits the impeachment of a witness who has been convicted of a felony if the commission of the felony is elicited from the witness or established by public record and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party. Tex. R. Evid. 609(a). Because Appellant would have been attempting to impeach the informant with evidence of a prior felony conviction for robbery, it was his burden to produce evidence showing such a conviction existed as well as meet the other requirements of Rule 609. *Arnold v. State*, 36 S.W.3d 542, 546 (Tex.App.—Tyler 2000, pet. ref'd) (the proponent of Rule 609 evidence must show that it is admissible).

appointed counsel, we presume his financial status had not changed, i.e., that he was indigent at the time the trial court entered judgment.

Furthermore, the record must reflect some factual basis to support the determination that the defendant is capable of paying attorney's fees. *See Perez v. State,* 323 S.W.3d 298, 307 (Tex.App.—Amarillo 2010, pet. ref'd). *See also Barrera v. State,* 291 S.W.3d 515, 518 (Tex.App.—Amarillo 2009, no pet.); *Perez v. State,* 280 S.W.3d 886, 887 (Tex.App.—Amarillo, no pet.). We note that the record in this case does not contain a pronouncement, determination, or finding that Appellant had financial resources that enable him to pay all, or any part of, the fees paid his court-appointed counsel, and we are unable to find any evidence to support such a determination. Therefore, we conclude, and the State confesses as much, that the order to pay court-appointed attorney's fees was improper. *See Mayer v. State,* 309 S.W.3d 552, 555-56 (Tex.Crim.App. 2010). And, when the evidence does not support an order to pay attorney's fees, the proper remedy is to delete the order from the judgment. *Id.* at 557. *See Anderson v. State,* No. 03-09-00630-CR, 2010 Tex. App. LEXIS 5033, at *9 (Tex.App.—Austin, July 1, 2010, no pet.) (not designated for publication). Accordingly, Appellant's second and third issues are sustained and we modify the judgment to delete the order to pay $4,815.00 in court-appointed attorney's fees as court costs.

### JUDGMENT OF CONVICTION

We note an issue not raised by either Appellant or the State regarding the judgment of conviction. While the written judgment reflects the *Offense for which Defendant Convicted* to be "possession w/intent to deliver a controlled substance PG1,

4

namely cocaine, 200-400 grams" and the *Statute for Offense* to be section 481.112(c) of the Texas Health & Safety Code,[3] the undisputed record reflects that Appellant was charged with, and the jury convicted him of, knowingly possessing, with intent to deliver, cocaine in an amount of two hundred grams or more but less than four hundred grams. *See* Tex. Health & Safety Code Ann. § 481.112(e) (West 2010). Therefore, we modify the trial court's judgment to reflect the correct statutory basis for conviction—section 481.112(e) of the Texas Health and Safety Code.

## Conclusion

The trial court's judgment is modified to delete the order to pay $4,815.00 in court-appointed attorney's fees as part of the court costs and to reflect the correct statutory basis for conviction and, as modified, the judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

---

[3]Section 481.112 states, in pertinent part, as follows:

> (a) Except as authorized by this chapter, a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1.
>
> *            *            *
>
> (c) An offense under Subsection (a) is a felony of the second degree if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants and dilutants, one gram or more but less than four grams.
>
> *            *            *
>
> (e) An offense under Subsection (a) is punishable by imprisonment in the Texas Department of Criminal Justice for life or for a term of not more than 99 years or less than 15 years, and a fine not to exceed $250,000, if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, 200 grams or more but less than 400 grams.

5