

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00433-CR

**MYRON HACKETT,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 77th District Court
### Limestone County, Texas
### Trial Court No. 12676-A

## MEMORANDUM OPINION

Myron Hackett was convicted of evading arrest in a vehicle which was found to be a deadly weapon. *See* TEX. PENAL CODE ANN. §38.04(b)(2)(A) (West Supp. 2012). He was sentenced to eight years in prison. We affirm.

Cheryl Jarvis was stopped in her vehicle by Officer Anthony Mangham because her license plate light was out. The front passenger of the vehicle was identified as Billy Johnson, Jr. The back seat passenger gave his name as Kenneth Williams. No record was found for that name and the date of birth given. As Officer Mangham was writing

Jarvis a citation, the back seat passenger climbed over the front seat and drove off in Jarvis's vehicle with Johnson still in it. A high speed chase ensued. After about two to three miles, the vehicle drove up on a curb, and the driver exited the vehicle and ran from the scene. Johnson reached over with his foot and stepped on the vehicle's brake pedal to stop the vehicle. By this time, Mangham had caught up with the vehicle and held Johnson at gunpoint. Another officer, Sgt. Jason Ash, arrived and pulled Johnson from the vehicle. Johnson named Myron Hackett as the driver who ran. Ash had dispatch send him a picture of Hackett to Ash's in-car computer. From the picture, Officer Mangham positively identified Hackett as the person who had been in the back seat and had given him the name of Kenneth Williams.

In his first issue, Hackett contends the trial court abused its discretion by excluding evidence of prior convictions offered to impeach the statements of identification by a non-witness. Specifically, he argues that these convictions were admissible under Rule 806. TEX. R. EVID. 806.

When hearsay has been admitted, the declarant's credibility may be attacked through any evidence which would be admissible if he had testified. TEX. R. EVID. 806. To attack the credibility of a witness, evidence that he has been convicted of a felony or crime of moral turpitude shall be admitted if elicited through the witness or by public record, and the court determines the probative value outweighs its prejudicial effect. TEX. R. EVID. 609. The proponent of the evidence must show the evidence is admissible.

*Arnold v. State*, 36 S.W.3d 542, 546 (Tex. App.—Tyler 2000, pet. ref'd); *see Davis v. State*, 791 S.W.2d 308, 310 (Tex. App.—Corpus Christi 1990, pet. ref'd) (proponent must show evidence is competent before using evidence for impeachment).

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). The trial court abuses its discretion only when the decision lies outside the zone of reasonable disagreement. *Id*.

Both Officer Mangham and Sgt. Ash testified that, in response to questioning, Johnson told them that the driver of the vehicle was Hackett. Hackett did not object to these statements by the officers and did not attempt to introduce any prior convictions during those officers' testimony. After the State rested its case, Hackett made the following oral motion:

> We would like to offer, in this case, three convictions, certified convictions, of the Limestone County District Court and County Court as to the credibility and to offenses, including – involve moral turpitude as to Billy Ray Johnson, who was the – made an outcry as an excited utterance, which would obviously be a hearsay exception, but Mr. Johnson is not here to testify today.
>
> So we are asking that his three convictions, that I just introduce those as certified Court records, documents, and that they be allowed for the jury to see.

The State responded:

> Your Honor, we believe it's an improper form of impeachment. He has not been called as a witness. And I just want to clarify; he is available; he is under subpoena. The defense can call him for any impeachment if

they wanted to. But in light of the fact that he's not a witness, we consider that to be improper form of impeachment.

When asked by the trial court if Hackett had an additional response, Hackett replied, no.

Although Hackett explained why and how he wanted to impeach a non-witness, he did not inform the trial court of the basis for admissibility. While no magic words have to be spoken, when called upon to identify the basis for admissibility, Hackett offered none. Hackett did not argue to the trial court that these convictions were admissible under Texas Rule of Evidence 806 or any other rule of evidence. It appears that he only wanted to introduce them because Johnson was not in court to testify. When faced with the inaccurate argument by the State that the method used was an improper form of impeachment and asserting that Johnson was available, Hackett did not give the trial court an opportunity to consider admissibility under Rule 806 by pointing out that rule. Thus, Hackett's complaint on appeal is waived. *See Hill v. State*, No. 01-10-00926-CR, 2012 Tex. App. LEXIS 2225 (Tex. App.—Houston [1st Dist.] Mar. 22, 2012, no pet.) (not designated for publication). *See also Vinson v. State*, 252 S.W.3d 336, 340 (Tex. Crim. App. 2008) ("[T]he proponent of evidence ordinarily has the burden of establishing the admissibility of the proffered evidence…. [O]nce an objection is made, the proponent must demonstrate that the proffered evidence overcomes the stated objection."); *Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002) ("[T]he issue is…whether the complaining party on appeal brought to the trial court's attention

the very complaint that party is now making on appeal….[The] 'raise it or waive it'

forfeiture rule….").

Nevertheless, even if Hackett's complaint was sufficiently specific, he did not

produce any evidence to link the three convictions of Billy Ray Johnson, Jr. to the front

passenger of the vehicle, Billy Johnson, Jr.  *See Arnold v. State*, 36 S.W.3d 542, 546 (Tex.

App.—Tyler 2000, pet. ref'd); *Davis v. State*, 791 S.W.2d 308, 310 (Tex. App.—Corpus

Christi 1990, pet ref'd).  Hackett's first issue is overruled.

Hackett next complains that the trial court abused its discretion by admitting

extraneous offense evidence, that is, that a few days before the offense for which

Hackett was charged, Sgt. Ash discovered Hackett had outstanding warrants.  In

response to questioning by the State, Ash began explaining that on July 8, 2011, he

made a traffic stop.  Hackett objected as to relevance.  The trial court overruled the

objection.  Ash went on to testify that the passenger in the vehicle identified himself as

Trannum Hackett.  When running a check of Trannum's driver's license, dispatch

advised Ash that "they" had warrants for Myron Hackett.[1]  There was no objection to

this testimony.  Thus, any complaint regarding the testimony concerning Hackett's

outstanding warrants was not preserved.  *See* TEX. R. APP. P. 33.1.  Even if Hackett's

previous relevance objection covered this specific testimony, it does not comport with

the argument made by Hackett on appeal.  *Id*.; *Wilson v. State*, 71 S.W.3d 346, 349 (Tex.

---

[1] It was discovered later that Trannum and Myron are brothers.

Crim. App. 2002); *Medina v. State*, 7 S.W.3d 633, 643 (Tex. Crim. App. 1999) (objection to relevancy does not preserve error concerning an extraneous offense claim).  Hackett's second issue is overruled.

Having overruled each issue on appeal, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Affirmed
Opinion delivered and filed October 31, 2013
Do not publish
[CR25]